**Exhibit A**

**[Execution Version]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| )<br>)<br>IN RE TAKE-TWO INTERACTIVE )<br>SECURITIES LITIGATION )<br>)<br>) | No. 1:06-cv-00803-RJS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of October

3 O , 2009, is made and entered into by and among the New York City Employees' Retirement

System, the New York City Police Pension Fund, the New York City Fire Department Pension

Fund (collectively, the "NYC Funds" or "Lead Plaintiffs") and the State-Boston Retirement

System (together with the NYC Funds, "Plaintiffs"), on behalf of themselves and the Class (as

defined below), and Take-Two Interactive Software, Inc. ("Take-Two"), Rockstar Games, Inc.,

Ryan Brant ("Brant"), Paul Eibeler, Karl H. Winters, Todd Emmel, Robert Flug, Oliver R.

Grace, Jr., Sam Houser and Terry Donovan (collectively, "Defendants"), by and through their

undersigned counsel.

**WHEREAS:**

a.    Beginning on February 1, 2006, a series of four proposed class actions were filed

in the United States District Court for the Southern District of New York (the "District Court")

alleging violations of the Securities Exchange Act of 1934 ("Exchange Act") in connection with

the purchase and/or acquisition of Take-Two securities.

40111627v2

b.      On July 12, 2006, the District Court consolidated all related class actions under

the caption *In re Take-Two Interactive Securities Litigation*, Civil Action No. 06-CV-803-RJS

(S.D.N.Y.) (the "Action"), and appointed the NYC Funds as Lead Plaintiffs.

c.      In the Action, Plaintiffs have generally alleged misstatements and omissions in

connection with (a) the inclusion of sexually explicit content in Take-Two's then-premier

product, the *Grand Theft Auto: San Andreas* video game, which ultimately caused the game to be

temporarily withdrawn from circulation, resulting in significant losses to Take-Two; and (b) the

backdating of stock options granted to its directors and senior management.

d.      On September 11, 2006, Plaintiffs filed a Consolidated Amended Class Action

Complaint ("CAC") in the Action.

e.      On January 3, 2007, the District Court entered a stipulated scheduling order

providing that briefing in connection with a motion to dismiss the CAC would be adjourned in

anticipation of Take-Two issuing a restatement of its financial statements in connection with

matters alleged in the CAC, and that Plaintiffs would be permitted to file an amended complaint

after issuance thereof.

f.      On February 14, 2007, Brant pled guilty to a felony charge of falsifying business

records in New York County Supreme Court and entered into a civil settlement with the

Securities and Exchange Commission ("SEC") pursuant to which he paid more than $6.2 million

in disgorgement, interest and penalties (the "SEC Funds").

g.      On March 30, 2007, Take-Two issued an earnings restatement, and on April 16,

2007, Plaintiffs filed their Consolidated Second Amended Class Action Complaint ("SAC").

2

h.      Thereafter, Defendants moved to dismiss the SAC, and on April 16, 2008, the Court denied in part and granted in part Defendants' motions and granted Plaintiffs leave to amend.

i.      On September 12, 2008, Plaintiffs filed their Consolidated Third Amended Class Action Complaint and the parties thereafter briefed a motion directed to the legal sufficiency of such complaint, which motion remains *sub judice*. The Third Amended Class Action Complaint did not plead claims against Paul Eibeler and Karl H. Winters, both of whom were dismissed without prejudice pursuant to the Court's April 16, 2008 Order.

j.      In April 2009, Take-Two entered into settlements relating to options backdating with the SEC and New York County District Attorney pursuant to which Take-Two agreed to pay $3.3 million in fines and penalties, undertake a review of its corporate governance and executive compensation programs and policies, and institute certain internal control reforms.

k.      On August 31, 2009, following a lengthy mediation process, Plaintiffs and Take-Two entered into a Memorandum of Understanding (the "MOU"), setting forth the material terms of a proposed settlement.

l.      On September 2, 2009, the Action was transferred to Judge Richard J. Sullivan and recaptioned *In re Take-Two Interactive Securities Litigation*, Civil Action No. 06-CV-803(RJS).

**NOW, THEREFORE,** without any admission or concession whatsoever by Plaintiffs of any lack of merit to the claims alleged in the Action, and without any admission or concession whatsoever by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby

3

**STIPULATED AND AGREED**, by and among Lead Plaintiffs (individually and on behalf of the Class) and Defendants, through their respective attorneys, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the mutual promises and benefits flowing to the Parties to the Stipulation (as defined below) from the Settlement, (a) that the Class be certified as a class for purposes of this Settlement, and (b) that any and all Released Claims (as defined below) as against the Released Parties (as defined below) and all Released Defendants' Claims (as defined below) shall be fully, finally, and forever compromised, settled, released and dismissed with prejudice and on the merits, and without an assessment of costs against any party, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Action" means the consolidated litigation under the caption *In re Take-Two Interactive Securities Litigation*, Civil Action No. 06-CV-803-RJS (S.D.N.Y.), and includes all cases consolidated therein with the exception of *In re Take-Two Interactive Software, Inc., Derivative Litigation*, Civil Action No. 06-cv-05279 (LTS) (S.D.N.Y.) and *St. Clair Shores General Employees Retirement System v. Eibler*, Civil Action No. 06-cv-0688 (RJS) (S.D.N.Y.), or claims arising under the Employee Retirement Income Security Act of 1974.

(b)      "Authorized Claimant" means a Class Member (as defined below) who submits a timely and valid Proof of Claim (as defined below), which includes proof of the Class Member's loss as specified in the Proof of Claim, to the Claims Administrator (as defined below).

4

(c)     "Claims Administrator" means the firm of **[##TO COME]**, designated by

Lead Counsel (as defined below) subject to the approval of the District Court, which shall

administer the Settlement.

(d)     "Class" and "Class Members" means all persons and entities who

purchased or otherwise acquired the common stock of Take-Two during the Class Period (as

defined below). Excluded from the Class are Defendants; members of the immediate families of

any Individual Defendant (as defined below); any parent, subsidiary, affiliate, partner, officer, or

director of any Defendant who is not an individual; any entity in which any such excluded person

has a controlling interest; and the heirs, successors, and assigns of any such excluded person or

entity. Also excluded from the Class are any proposed Class Members (except Plaintiffs) who

properly exclude themselves by filing a valid and timely request for exclusion in accordance with

the requirements set forth in the Notice (as defined below).

(e)     "Class Distribution Order" means an order of the District Court that

approves the Claims Administrator's administrative determinations concerning the acceptance

and rejection of the claims submitted herein; that approves the reasonable remaining costs of

providing Notice and administering the Settlement, including reasonable fees and expenses of

the Claims Administrator and reasonable attorneys' fees and expenses not previously applied for;

and which determines that the Effective Date (as defined below) has occurred and directs

payment of the Net Settlement Fund (as defined below) to Authorized Claimants.

(f)     "Class Period" means the period from December 17, 2002 through July

10, 2006, inclusive.

(g)     "Complaint" means the Consolidated Third Amended Complaint, filed on

September 12, 2008.

(h)     "Complaints" means all complaints filed in the Action.

(i)     "Defendants" means Take-Two Interactive Software, Inc., Rockstar Games, Inc., Ryan Brant, Paul Eibeler, Karl H. Winters, Todd Emmel, Robert Flug, Oliver Grace, Sam Houser, and Terry Donovan.

(j)     "Defendants' Counsel" means the undersigned counsel for Defendants.

(k)     "District Court" means the United States District Court for the Southern District of New York.

(l)     "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement shall become effective and final, as set forth in paragraph 14 below.

(m)     "Escrow Account" means the separate interest bearing escrow account at a banking institution designated by Plaintiffs, subject to the approval of Take-Two, which shall not be unreasonably withheld, into which the Settlement Amount (as defined below) is to be deposited. The Escrow Account shall be controlled solely by Lead Counsel. Until Final Judgment (as defined below) is entered, the Fund Administrator (as defined below) shall invest the Gross Settlement Fund (as defined below) in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested solely in such investments; provided that any funds held in the Gross Settlement Fund in an amount less than $250,000 may be held in an interest-bearing bank account insured by the FDIC.

(n)     "Fee/Expense Application(s)" means an application or applications to be filed by Lead Counsel for attorneys' fees and reimbursement of expenses.

(o)     "Final Judgment" means a judgment entered by the District Court, substantially in the form of Exhibit B attached hereto.

40111627v2

(p)     "Fund Administrator" means the administrator of the Gross Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3).

(q)     "Gross Settlement Fund" means the sum of the Settlement Amount (as defined below) and all interest earned on the Settlement Amount.

(r)     "Individual Defendant" means Ryan Brant, Paul Eibeler, Karl H. Winters, Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Sam Houser, and Terry Donovan.

(s)     "Lead Counsel" means Labaton Sucharow LLP, the undersigned counsel for Plaintiffs, .

(t)     "Lead Plaintiffs" means the New York City Employees' Retirement System, the New York City Police Pension Fund, and the New York City Fire Department Pension Fund.

(u)     "MOU" means the Memorandum of Understanding dated August 31, 2009.

(v)     "Net Settlement Fund" means the balance of the Gross Settlement Fund available to be distributed to Authorized Claimants after subtracting the dollar amounts paid or owing in connection with paragraphs 4(c)(ii), 4(c)(iii), and 4(c)(iv) below.

(w)     "Notice" means the "Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund," substantially in the form of Exhibit 1 to Exhibit A attached hereto, which is to be sent to the Class.

(x)     "Order of Preliminary Approval of Settlement" means an order entered by the District Court, substantially in the form of Exhibit A attached hereto.

(y)     "Parties to the Stipulation" means Plaintiffs and Defendants.

7

40111627v2

(z)     "Plaintiffs" means Lead Plaintiffs and the State-Boston Retirement System.

(aa)    "Plan of Allocation" means the Plan of Allocation of Net Settlement Fund Among Class Members as set forth in the Notice or such other plan of allocation as the District Court approves.

(bb)    "Proof of Claim" means the Proof of Claim and Release form substantially in the form of Exhibit 2 to Exhibit A attached hereto, which includes the Release to which Class Members will be bound.

(cc)    "Publication Notice" means the Summary Notice of Proposed Settlement and Settlement Hearing for publication substantially in the form attached hereto as Exhibit 3 to Exhibit A.

(dd)    "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

(ee)    "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims as defined below)) whether arising under federal, state, common or foreign law, that Plaintiffs or any member of the Class asserted or could have asserted in any of the Complaints, in connection with the Class Period purchase, acquisition, or sale of Take-Two's common stock, arising out of, or related in any way to any facts, matters, transactions, allegations or claims set forth in any of the Complaints, and/or that relate to the prosecution, defense, or settlement of the Action (other than claims to enforce the Settlement).  However, any release of "Released Claims" pursuant to this Stipulation shall not release, bar, waive, or otherwise affect claims that have been brought or could have been brought  in *In re Take-Two Interactive Software, Inc., Derivative Litigation*,

Civil Action No. 06-cv-05279 (LTS) (S.D.N.Y.) and *St. Clair Shores General Employees Retirement System v. Eibler*, Civil Action No. 06-cv-0688 (RJS) (S.D.N.Y.), pending in the United States District Court for the Southern District of New York, or claims arising under the Employee Retirement Income Security Act of 1974, in which all parties reserve their rights.

        (ff)     "Released Defendants' Claims" means any and all claims, including Unknown Claims, against any of the Plaintiffs, other Class Members, and Lead Counsel, that relate to the institution, prosecution or settlement of the Action (other than claims to enforce the Settlement).

        (gg)    "Released Parties" means Defendants, their current and former directors, employees, agents, partners, subsidiaries, affiliates, heirs, executors, successors or assigns and Defendants' insurance carriers.

        (hh)    "Repayment Obligation" means the obligation to return the dollar amount distributed from the Gross Settlement Fund before the Effective Date for Lead Counsel's attorneys' fees and expense reimbursement, plus interest on those amounts equal to what would have been earned had the amounts remained in the Gross Settlement Fund.

        (ii)     "Settlement" means the settlement contemplated by this Stipulation.

        (jj)    "Settlement Amount" means Twenty Million One Hundred Fifteen Thousand Dollars ($20,115,000) in United States currency.

        (kk)    "Stipulation" means this Stipulation and Agreement of Settlement.

        (ll)     "Unknown Claims" means any and all Released Claims which any Lead Plaintiff or other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her,

or its decision(s) with respect to the Settlement (including the decision not to object or exclude himself, herself, or itself from the Settlement). Unknown Claims also means any and all Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, other Class Members, and Lead Counsel, which, if known by him, her or it, might have affected his, her or its settlement with Plaintiffs and the Class and release of Plaintiffs, other Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and any and all Released Defendants' Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Final Judgment shall be deemed to have fully, finally, and expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

### Scope and Effect of Settlement

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Parties, and any and all Released Defendants' Claims.

3.      (a)      Upon the Effective Date of the Settlement, and without any further action, Plaintiffs shall dismiss the Action with prejudice and on the merits, and without an assessment of costs against any party, and Plaintiffs and Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent, for good and

40111627v2

valuable consideration the receipt and adequacy of which is hereby acknowledged shall fully,

finally and forever RELEASE, RELINQUISH AND DISCHARGE, and shall forever be

enjoined from prosecuting, any and all Released Claims against any and all of the Released

Parties. Nothing contained herein shall, however, release, bar, waive, or otherwise affect (i)

claims that have been brought or could have been brought under the Employees Retirement

Income Security Act of 1974 or the claims asserted in *In re Take-Two Interactive Software, Inc.,*

*Derivative Litigation*, Civil Action No. 06-cv-05279 (LTS) (S.D.N.Y.) and *St. Clair Shores*

*General Employees Retirement System v. Eibler*, Civil Action No. 06-cv-0688 (RJS) (S.D.N.Y.),

pending in the United States District Court for the Southern District of New York, in which all

parties reserve their rights, or (ii) any action or claim to enforce the terms of this Stipulation or

the Final Judgment.

      (b)    Upon the Effective Date of the Settlement, and without any further action,

Defendants, for good and valuable consideration the receipt and adequacy of which is hereby

acknowledged shall fully, finally and forever RELEASE, RELINQUISH AND DISCHARGE

any and all Released Defendants' Claims against any and all of the Plaintiffs, Class Members, or

Lead Counsel. Nothing contained herein shall, however, bar any action or claim to enforce the

terms of this Stipulation or the Final Judgment.

<div align="center">

**The Settlement Consideration**

</div>

    4.    (a)    Take-Two shall pay or cause to be paid the Settlement Amount into the

Escrow Account within ten (10) business days of the entry of the Order of Preliminary Approval

of Settlement.

      (b)    No Defendant shall have any obligation to make any additional monetary

contribution in Settlement of this Action.

<div align="center">

11

</div>

(c)      The Gross Settlement Fund shall be used only for the following purposes (i) to compensate the Class pursuant to the Plan of Allocation approved by the District Court, (ii) to pay all reasonable and necessary costs of Notice to the Class and of administration of the Settlement, as approved and ordered by the District Court, as well as any and all taxes due to state or governmental authorities as a result of the establishment or distribution of the Gross Settlement Fund, (iii) to reimburse Lead Counsel for reasonable costs and expenses paid in connection with this litigation, as approved by the District Court, and (iv) to pay reasonable and necessary attorneys' fees, as approved by the District Court and subject to paragraph 10.

(d)      No money may be paid out of the Gross Settlement Fund before the Effective Date except as follows: (i) reasonable costs of Notice and administration, in accordance with orders of the District Court, up to the limit set forth in paragraph 8(a), (ii) taxes may be paid out of the Gross Settlement Fund, as they come due and owing, and (iii) Lead Counsel's attorneys' fees and expense reimbursement, as more fully set forth in paragraph 10 below, may be paid out of the gross Settlement Fund after the hearing on final approval, and as awarded by the District Court, *provided, however*, that in the event that the Effective Date does not occur, Lead Counsel shall repay to the Gross Settlement Fund the amount of the Repayment Obligation.

## Corporate Governance

5.      Take-Two shall implement the revisions to its bylaws and corporate governance policies set forth in Exhibit C hereto within 30 days following entry of the Final Judgment.

## SEC Funds

6.      The parties acknowledge that the SEC Funds are now on deposit with the District Court and that such funds may become available, in whole or in part, for distribution to the Class. Plaintiffs and Take-Two shall endeavor to cause the SEC Funds to be distributed to the

40111627v2

Class in conjunction with the Settlement, and in furtherance thereof, Take-Two shall (i) timely

submit either a supporting letter or brief to both the SEC and the District Court, joining in

Plaintiffs' request that such funds be paid to the Class, and (ii) use its good faith, reasonable

efforts to timely secure Ryan Brant's support for such a request.  Take-Two shall have no other

obligation with respect to the subject matter of this paragraph.

### Tax Treatment and Administration

7.     (a)     The Parties to the Stipulation agree that the Gross Settlement Fund is

intended to be, and shall be treated as being, a "qualified settlement fund" within the meaning of

Treasury Regulation § 1.468B-1.  Neither Defendants nor Defendants' Counsel shall have any

liability or responsibility for the payment of any taxes or tax expense.

(b)     Lead Counsel shall administer the Gross Settlement Fund and will appoint

a Fund Administrator.  The Fund Administrator shall satisfy all of its obligations under the

United States federal income tax laws.

(c)     Taxes and tax expenses shall be treated as, and considered to be, a cost of

administration of the Settlement and shall be timely paid or reimbursed by the Fund

Administrator out of the Gross Settlement Fund without prior order from the Court.  The Fund

Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold

from distribution out of the Gross Settlement Fund any funds necessary to pay any taxes or tax

expenses, including the establishment of adequate reserves for any taxes and tax expenses, as

well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-

2(1)(2).

(d)     Defendants shall have no responsibility or liability for taxes, penalties, or

interest on any amounts received pursuant to the Settlement that are construed to be income on

13

behalf of any Class Member.  The Fund Administrator shall hold the payors, including Take-Two and its insurance carriers, harmless from any potential tax liability incurred with respect to the Gross Settlement Fund from the time that the Settlement Amount is paid into the Escrow Account until such time as the Gross Settlement Fund is disbursed pursuant to this Stipulation.

## Administration Expenses

8.    (a)    Promptly after execution of this Stipulation, Plaintiffs will apply for entry of the Order of Preliminary Approval of Settlement which, among other things, approves as reasonable distribution from the Gross Settlement Fund of up to $250,000 to pay the actual reasonable costs of providing notice and administering the Gross Settlement Fund, and approves distribution from the Gross Settlement Fund for future payment of all taxes pursuant to paragraph 7(c) that become due and owing.  This advancement of notice costs, to the extent already expended for that purpose, shall not be subject to repayment if the Settlement does not become effective.  After the occurrence of the Effective Date, Plaintiffs may file additional motions for approval of additional amounts from the Gross Settlement Fund for payment of reasonable costs of providing Notice and administering the Gross Settlement Fund.  All costs, including without limitation, the fees and expenses of the Claims Administrator in the administration and distribution of the Gross Settlement Fund and the Net Settlement Fund, shall be paid out of the Gross Settlement Fund.

(b)    Except as provided in paragraph 14(d)(iii) below, Defendants will not have any responsibility for, involvement in, or liability for the payment of any monies from the Gross Settlement Fund in connection with the administration of the Settlement.

(c)    Lead Counsel will apply to the District Court, after giving notice to Defendants' Counsel, for the Class Distribution Order.

14

## Allocation of Settlement Amount to Authorized Claimants

9.      (a)      The allocation of the Settlement Amount among the members of the Class

shall be subject to a plan of allocation to be proposed by Lead Counsel and approved by the

Court. The Claims Administrator shall determine each Authorized Claimant's pro rata share of

the cash in the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.

(b)      The Plan of Allocation proposed in the Notice is not a necessary term of

the Stipulation or this Settlement and is to be considered by the District Court separately from its

determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in the

Stipulation. It is not a condition of this Stipulation or this Settlement that the Plan of Allocation

proposed in the Notice be approved. Any Plan of Allocation is a matter separate and apart from

the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not affect the

validity or finality of the Settlement or the Final Judgment, or any other orders entered pursuant

to the Stipulation.

(c)      Defendants will not have any responsibility for, involvement in, or

liability for allocation of the Net Settlement Fund or with the Plan of Allocation, and will take no

position with respect to Lead Counsel's proposed Plan of Allocation.

(d)      Each Authorized Claimant shall be allocated a pro rata share of the cash in

the Net Settlement Fund based on his, her, or its Recognized Claim compared to the total

Recognized Claims of all Authorized Claimants. This is not a claims made settlement, i.e., the

Settlement Amount will not increase or decrease by reason of the amount or value of claims filed

by Class Members. If all the conditions of the Stipulation are satisfied and the Effective Date

occurs, none of the Settlement Fund will be returned to Defendants or their respective insurers.

Defendants will have no involvement in reviewing or challenging claims of members of the

Class.

40111627v2

**Attorneys' Fees and Expenses**

10.    (a)    Lead Counsel will file one or more Fee/Expense Applications.  All fees and expenses awarded to Plaintiffs and Lead Counsel pursuant to Fee/Expense Applications shall be paid only from the Gross Settlement Fund, pursuant to an order entered by the District Court (the "Fee/Expense Award"), following the hearing before the District Court on final approval of the Settlement, subject to subparagraph (b) below.  Defendants shall take no position with respect to the Fee/Expense Applications.  Any decision by the Court concerning attorneys' fees, allocation and/or expenses shall not affect the validity or finality of the Settlement.

(b)    Lead Counsel shall be paid two-thirds (2/3) of the Fee/Expense Award from the Gross Settlement Fund within ten (10) business days after the Court enters (i) the Final Judgment, and (ii) the Fee/Expense Award.  Such payment shall be subject to full repayment solely from Lead Counsel on a joint and several basis if the Effective Date of the Settlement does not occur, and shall be reduced proportionately if the Fee/Expense Award is reduced.  The remaining one-third of the Fee/Expense Award, plus accrued interest, shall be paid to Lead Counsel when the Net Settlement Fund is distributed to Authorized Claimants by the Claims Administrator as set forth in paragraph 11(g) below.

**Administration of the Settlement**

11.    (a)    The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Defendants shall have no role in or responsibility for administering the Settlement; no role in or responsibility for reviewing or challenging claims submitted; and no liability whatsoever to any person or entity including, but not limited to, Plaintiffs, other Class Members, any other plaintiffs, any Class Member's counsel, or Lead Counsel in connection with the administration of the Settlement.  The administration of

16

the Settlement is defined as the allocation and distribution of the Net Settlement Fund and, after

the Effective Date, may include the investment of such funds; the determination, calculation,

processing, or payment of claims; the review and approval or rejection of Proofs of Claim; the

Plan of Allocation; and the determination, payment, or withholding of taxes or any loss incurred

in connection therewith; and no person or entity, including but not limited to, the Class

Members, Plaintiffs and Lead Counsel, shall have any claims against Defendants in connection

therewith.

       (b)     Lead Counsel shall be responsible for supervising the administration of the

Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead

Counsel shall have the right, but not the obligation, to waive what they deem to be technical

defects in any Proof of Claim submitted in the interest of achieving substantial justice.

       (c)     For purposes of determining the extent, if any, to which a Class Member

shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

       (i)     Each Class Member shall be required to submit a Proof of Claim

supported by such documents as are designated therein, including proof of the Class Member's

loss, or such other documents or proof as Lead Counsel, in its discretion, may deem acceptable;

       (ii)     All Proofs of Claim must be submitted to the Claims Administrator

by the date specified in the Notice unless such period is extended by order of the District Court.

Any Class Member who fails to submit a Proof of Claim to the Claims Administrator by the

specified date shall be forever barred from receiving any payment pursuant to this Stipulation

(unless, by order of the District Court, a later submitted Proof of Claim by such Class Member is

approved), but shall in all other respects be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Final Judgment entered in the Action and the releases

provided for herein, and will be barred from bringing any action against any of the Released

Parties concerning the Released Claims.  Provided that it is actually received no later than thirty

(30) days after the final date for submission of Proofs of Claim, a Proof of Claim shall be

deemed to have been submitted when posted, if received with a postmark indicated on the

envelope and if mailed first-class postage prepaid and addressed in accordance with the

instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been

submitted when actually received by the Claims Administrator;

        (iii)     Each Proof of Claim shall be submitted to and reviewed by the

Claims Administrator, under the supervision of Lead Counsel, who shall determine the amount

of Recognized Claims in accordance with this Stipulation and the Plan of Allocation and the

extent, if any, to which each claim shall be allowed, subject to review by the District Court

pursuant to subparagraph (v) below;

        (iv)     The Claims Administrator may reject any and all Proofs of Claim

that do not meet the filing requirements.  Prior to rejection of a Proof of Claim, the Claims

Administrator shall communicate with the claimant in order to afford such claimant the

opportunity to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims

Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in

writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting

forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be

rejected has the right to a review by the District Court if the claimant so desires and complies

with the requirements of subparagraph (v) below;

        (v)     If any claimant whose claim has been rejected in whole or in part

desires to contest such rejection, the claimant must, within twenty days after the date of mailing

18

of the notice required in subparagraph (iv) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the District Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the District Court for a final determination; and

(vi)   The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the District Court, after giving notice to Defendants' Counsel, for approval by the District Court in the Class Distribution Order.

(d)   Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proofs of Claim.

(e)   Payment pursuant to this Stipulation shall be deemed final and conclusive against all Authorized Claimants. All Class Members whose claims are not approved by the District Court or who fail to submit a claim shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any Released Claims against any of the Released Parties.

(f)   All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation, and the determination of all controversies

19

40111627v2

relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the District Court.

(g)     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to present their objections to the claims administrator; and (ii) all costs of administration and taxes on the Gross Settlement Fund have been paid or accrued.  The Fund Administrator shall be responsible for complying with all information reporting and withholding requirements under the United States Internal Revenue Code of 1986, as amended, with respect to all amounts distributed to the Class Members from the Gross Settlement Fund.

## Order of Preliminary Approval of Settlement

12.     (a)     Defendants stipulate to certification of the Class for settlement purposes only and will not object to the appointment of Plaintiffs as the class representatives for the Class pursuant to Federal Rule of Civil Procedure 23.

(b)     Promptly upon full execution of this Stipulation, Plaintiffs shall apply to the Court for entry of the Order of Preliminary Approval of Settlement which, among other things,

(i)     preliminarily certifies the Class for the purpose of Settlement, with Plaintiffs serving as class representatives of the Class;

(ii)     preliminarily approves the Settlement as fair, reasonable, and adequate to Class Members;

(iii)     approves the creation of the Gross Settlement Fund;

20

40111627v2

(iv)    sets a hearing, upon Notice to the Class Members, on the question whether the proposed Settlement and Plan of Allocation should be approved as fair, reasonable and adequate to the members of the Class, and the action dismissed on the merits and with prejudice, and on Lead Counsel's Fee/Expense Application;

(v)    prescribes the method of giving notice to Class Members;

(vi)    approves the form of the Notice and Publication Notice directed to Class Members;

(vii)    prescribes the time period during which Class Members (other than Plaintiffs) may file requests to be excluded from the Class;

(viii)    prescribes the time period during which Class Members (other than Plaintiffs) may make and serve written objections to the Settlement;

(ix)    prescribes the time period during which Class Members may make and serve written objections to the Plan of Allocation and/or the Fee/Expense Applications; and

(x)    prescribes the time period during which a Class Member must file a Proof of Claim.

## Final Judgment

13.    If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs and Defendants shall request that the Court enter the Final Judgment.

## Effective Date of Settlement, Waiver or Termination

14.    (a)    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(i)    the District Court has entered the Order of Preliminary Approval of Settlement;

40111627v2

(ii)     the Settlement Amount has been deposited into the Escrow

Account as described in paragraph 4(a);

(iii)    the District Court has finally certified the Class and approved the

Settlement as fair, reasonable, and adequate;

(iv)    the District Court has entered the Final Judgment and the Final

Judgment has been upheld through the resolution of all appeals and writs of certiorari, and

through the expiration of all time to appeal and file writs of certiorari, except that the Effective

Date shall not be delayed by any modification of or appeal from those parts of the Final

Judgment that pertain to (i) the Plan of Allocation, or (ii) any award or allocation of attorneys'

fees or expenses, or (iii) Take-Two's undertaking set forth in paragraph 16(d).

(b)     Except as set forth in paragraph 14(c), the Parties to the Stipulation shall

have the right to terminate the Settlement and the Stipulation by providing written notice of their

election to do so to all other Parties to the Stipulation within thirty (30) days of (a) the District

Court's decision not to enter the Order of Preliminary Approval of Settlement; (b) the District

Court's refusal to approve this Stipulation in whole or in any material part; (c) the District

Court's decision not to enter the Final Judgment in whole or in any material respect; or (d) the

date upon which the Final Judgment is modified or reversed in any material respect by the

United States Court of Appeals or the United States Supreme Court.

(c)     Pursuant to the procedure set forth in the Notice, potential Class Members

other than Plaintiffs have the right and ability to exclude themselves from the Class.

Simultaneously herewith, Lead Counsel and counsel for Take-Two are executing a letter

agreement (the "Letter Agreement") that sets forth the conditions and timetable under which

Defendants may terminate the Settlement in the event that Class Members who purchased or

otherwise acquired a given number of Take-Two shares during the Class Period timely and validly request exclusion from the Class.  In the event that Defendants terminate the Settlement pursuant to the Letter Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 14(d) shall apply.  Notwithstanding the foregoing, this Stipulation shall not become null and void as a result of the election by the Defendants to terminate the Settlement pursuant to the Letter Agreement unless all conditions set forth in the Letter Agreement have been satisfied.

      (d)     If the Effective Date does not occur, or if the Settlement is terminated or modified in any material respect or fails to become effective for any reason then

      (i)     the Parties to the Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of the MOU and, except as otherwise expressly provided, the Parties shall proceed in all respects as if the MOU and this Stipulation and any related orders had not been entered;

      (ii)     Lead Counsel shall honor its Repayment Obligation by returning to the Gross Settlement Fund within thirty (30) calendar days from its receipt of notice from Counsel for Take-Two of the termination, modification in any material respect, or failure of the Effective Date to occur, the total dollar amount distributed from the Gross Settlement Fund before the Effective Date for Lead Counsel's attorneys' fees and expense reimbursement, plus interest equal to what would have been earned had such amount remained in the Gross Settlement Fund; and

      (iii)     the Gross Settlement Fund, including amounts repaid pursuant to the Repayment Obligation, shall be returned within thirty-five (35) calendar days from Lead Counsel's receipt of notice from Counsel for Take-Two of the termination, modification in any

material respect, or failure of the Effective Date to occur, to Take-Two and its respective

insurance carriers, less any Notice and administration costs actually incurred and paid or owing

out of the Settlement Fund pursuant to an Order of the District Court obtained in accordance with

paragraph 8(a) herein, and also less any taxes or tax expenses paid or owing in accordance with

paragraph 7(c) herein.  The Individual Defendants shall have no personal responsibility for the

Repayment Obligation set forth herein.

<u>No Admission of Wrongdoing or Lack of Merit</u>

15.    (a)    Defendants deny and continue to deny that they have committed any act or

omission giving rise to any liability in this action, and state that they are entering into the

Settlement to eliminate the burden, expense, uncertainty and risk of further litigation.  This

Settlement is therefore without admission of fault or liability on the part of any Defendant.

(b)    Plaintiffs believe that the claims asserted in the Action have merit, that the

evidence developed to date supports the claims asserted, and state that they are entering into the

Settlement to eliminate the burden, expense, uncertainty and risk of further litigation.  This

Settlement is therefore without admission of any lack of merit of the Action or the validity of any

defense on the part of any Plaintiff.

(c)    Neither the execution of the MOU or this Stipulation, nor the fact of the

Settlement, whether consummated or not, nor any proceedings taken pursuant to the Settlement,

shall be construed as an admission of liability or an admission of any claim or defense on the part

of any party, in any respect.  Moreover, neither the MOU, this Stipulation, the fact of Settlement,

nor any proceedings taken pursuant to the Settlement shall be admissible in any action, suit,

proceeding, or investigation as evidence or as an admission of any claim or liability; provided,

40111627v2

however, that any Party to this Stipulation may use the Stipulation to the extent necessary to enforce any right conferred on that party by this Stipulation.

## Miscellaneous Provisions

16.   (a)   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

(b)   The Parties to the Stipulation intend and agree that the Settlement is a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs and Class Members who have not timely excluded themselves from the Class against the Released Parties with respect to the Released Claims, and that Plaintiffs and all Class Members who have not timely excluded themselves from the Class shall look solely to the Settlement Fund for settlement and satisfaction of all such claims against Defendants.

(c)   Plaintiffs and Defendants agree not to assert in this Action that the litigation was brought or defended in bad faith or without a reasonable basis, and agree not to assert any claim of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution or defense of the Action.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arms' length in good faith by the Parties to the Stipulation with the assistance of experienced and independent mediators, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

(d)   Unless otherwise specified in the Stipulation, if any disputes arise between the Parties to this Stipulation in connection with the terms of the Settlement or documentation thereof, then such disputes shall be presented for mediation before Special Master Charles Moerdler.  In the event the Parties to this Stipulation fail to reach a resolution in the mediation,

the parties will conduct binding arbitration before an arbitrator to be mutually agreed upon by such parties.

(e)     Until a motion for an Order of Preliminary Approval of Settlement is filed with the Court, the parties shall maintain the MOU and the Settlement in confidence, except for the disclosure to other defendants in the Action, defendants' insurers and auditors, the Court, Special Master Charles Moerdler, the SEC, or as required by law or otherwise consented to by the parties.

(f)     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties to the Stipulation or their successors-in-interest.

(g)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(h)     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the District Court and the District Court shall retain continuing jurisdiction for the purpose of enforcing the terms of the Stipulation.

(i)     The Parties to the Stipulation hereby irrevocably submit to the continuing and exclusive jurisdiction of the District Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement as embodied in the Stipulation or its applicability (except as provided in paragraph 16(d)), and agree that they will not oppose the designation of such suit, action, proceeding, or dispute as a related case to this Action.

(j)     The waiver by one Party to the Stipulation of any term or condition of this Stipulation shall not be deemed a waiver of any other Party to the Stipulation.  Nor shall the

waiver by one Party to the Stipulation of any term or condition of the Stipulation be deemed a waiver of a prior or subsequent term or condition of the Stipulation.

(k)     This Stipulation and its exhibits, together with the Letter Agreement, constitute the entire agreement between the Plaintiffs (individually and on behalf of the Class) and Defendants concerning the Settlement of the Action, and no representations, warranties, payments, or inducements have been made by any Defendant to any Plaintiff, or by any Plaintiff to any Defendant concerning the subject matter hereof, other than those contained and memorialized in the Stipulation, its exhibits, and the Letter Agreement.

(l)     The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to the Stipulation shall exchange among themselves original signed counterparts. Electronically transmitted signatures are valid signatures as of the date thereof.

(m)     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Stipulation.

(n)     All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive this Stipulation in accordance with their terms.

(o)     The construction, interpretation, operation, effect, and validity of the Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern. Plaintiffs (on behalf of themselves and the Class) and Defendants understand and agree that any disputes arising out of the Stipulation shall be

27

governed and construed by and in accordance with the laws of the State of New York, without reference to choice of law principles.

(p)     The Stipulation shall not be construed more strictly against one Party to the Stipulation than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that the Stipulation is the result of arms' length negotiations between the Parties to the Stipulation, and all Parties to the Stipulation have contributed substantially and materially to the preparation of the Stipulation.

(q)     Any and all counsel and Parties to the Stipulation who execute the Stipulation and any of the exhibits hereto, or any related Settlement documents, represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

(r)     Lead Counsel and Defendants' Counsel agree to recommend approval of the Stipulation by the District Court and to undertake their best efforts and cooperate fully with one another in seeking District Court approval of the Order of Preliminary Approval of Settlement, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

IN WITNESS WHEREOF, the parties have, through their respective counsel, executed this Stipulation as of the date first above written.

40111627v2

**LABATON SUCHAROW LLP**

By: _____
    Jonathan M. Plasse (JP-7515)
    Ethan D. Wohl (EW-0806)
140 Broadway
New York, New York 10005
(212) 907-0700

*Lead Counsel for Lead Plaintiffs and
Attorneys for Plaintiffs*

**DEBEVOISE & PLIMPTON LLP**

By: _____
    John B. Missing (*pro hac vice*)
    Ada Fernandez Johnson (*pro hac vice*)
555 13th Street, NW, Suite 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for Defendants Take-Two
Interactive Software, Inc., Rockstar Games,
Inc., Terry Donovan and Sam Houser*

**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**

By: _____
    Lawrence Iason (LI-8996)
    Edward M. Spiro (ES-1206)
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Defendant Ryan Brant*

**SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP**

By: _____
    David Meister (DM-0942)
    Claiborne W. Porter (CP-7777)
Four Times Square
New York, NY 10036
(212) 735-3000

*Attorneys for Defendant Paul Eibeler*

**ANDREW M. LAWLER, P.C.**

By: _____
    Andrew M. Lawler (AL-8802)
641 Lexington Avenue, 27th Floor
New York, New York 10017
(212) 832-3160

*Attorneys for Defendant Karl H. Winters*

**KING & SPALDING LLP**

By: _____
    Andrew C. Hruska (AH-3224)
    Jeffery E. Livingston (JL-8755)
    Louisa B. Childs (LC-0935)
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100

*Attorneys for Defendant Todd Emmel*

40111627v2

**LABATON SUCHAROW LLP**


By:_____
           Jonathan M. Plasse (JP-7515)
           Ethan D. Wohl (EW-0806)
140 Broadway
New York, New York  10005
(212) 907-0700

*Lead Counsel for Lead Plaintiffs and*
*Attorneys for Plaintiffs*


**MORVILLO, ABRAMOWITZ, GRAND,**
**IASON, ANELLO & BOHRER, P.C.**


By:     ‾L̸OU.✓‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
           Lawrence Iason (LI-8996)
           Edward M. Spiro (ES-1206)
565 Fifth Avenue
New York, New York  10017
(212) 856-9600

*Attorneys for Defendant Ryan Brant*


**ANDREW M. LAWLER, P.C.**


By:_____
           Andrew M. Lawler (AL-8802)
641 Lexington Avenue, 27th Floor
New York, New York  10017
(212) 832-3160

*Attorneys for Defendant Karl H. Winters*


**DEBEVOISE & PLIMPTON LLP**


By:_____
           John B. Missing (*pro hac vice*)
           Ada Fernandez Johnson (*pro hac vice*)
555 13th Street, NW, Suite 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for Defendants Take-Two*
*Interactive Software, Inc., Rockstar Games,*
*Inc., Terry Donovan and Sam Houser*


**SKADDEN, ARPS, SLATE MEAGHER**
**& FLOM LLP**


By:_____
           David Meister (DM-0942)
           Claiborne W. Porter (CP-7777)
Four Times Square
New York, NY  10036
(212) 735-3000

*Attorneys for Defendant Paul Eibeler*


**KING & SPALDING LLP**


By:_____
           Andrew C. Hruska (AH-3224)
           Jeffery E. Livingston (JL-8755)
           Louisa B. Childs (LC-0935)
1185 Avenue of the Americas
New York, New York  10036
(212) 556-2100

*Attorneys for Defendant Todd Emmel*


40111627v2

**LABATON SUCHAROW LLP**

By:_____
       Jonathan M. Plasse (JP-7515)
       Ethan D. Wohl (EW-0806)
140 Broadway
New York, New York  10005
(212) 907-0700

*Lead Counsel for Lead Plaintiffs and
Attorneys for Plaintiffs*


**DEBEVOISE & PLIMPTON LLP**

By:_____
       John B. Missing (*pro hac vice*)
       Ada Fernandez Johnson (*pro hac vice*)
555 13th Street, NW, Suite 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for Defendants Take-Two
Interactive Software, Inc., Rockstar Games,
Inc., Terry Donovan and Sam Houser*


**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**

By:_____
       Lawrence Iason (LI-8996)
       Edward M. Spiro (ES-1206)
565 Fifth Avenue
New York, New York  10017
(212) 856-9600

*Attorneys for Defendant Ryan Brant*


**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**

By:_____
       Scott D. Musoff
       David Meister
       Claiborne W. Porter
Four Times Square
New York, NY 10036
(212) 735-3000

*Attorneys for Defendant Paul Eibeler*


**ANDREW M. LAWLER, P.C.**

By:_____
       Andrew M. Lawler (AL-8802)
641 Lexington Avenue, 27th Floor
New York, New York  10017
(212) 832-3160

*Attorneys for Defendant Karl H. Winters*


**KING & SPALDING LLP**

By:_____
       Andrew C. Hruska (AH-3224)
       Jeffery E. Livingston (JL-8755)
       Louisa B. Childs (LC-0935)
1185 Avenue of the Americas
New York, New York  10036
(212) 556-2100

*Attorneys for Defendant Todd Emmel*

**LABATON SUCHAROW LLP**


By:_____
      Jonathan M. Plasse (JP-7515)
      Ethan D. Wohl (EW-0806)
140 Broadway
New York, New York  10005
(212) 907-0700

*Lead Counsel for Lead Plaintiffs and
Attorneys for Plaintiffs*


**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**


By:_____
      Lawrence Iason (LI-8996)
      Edward M. Spiro (ES-1206)
565 Fifth Avenue
New York, New York  10017
(212) 856-9600

*Attorneys for Defendant Ryan Brant*


**ANDREW M. LAWLER, P.C.**


By:_____
      Andrew M. Lawler (AL-8802)
641 Lexington Avenue, 27th Floor
New York, New York  10017
(212) 832-3160

*Attorneys for Defendant Karl H. Winters*


**DEBEVOISE & PLIMPTON LLP**


By:_____
      John B. Missing (*pro hac vice*)
      Ada Fernandez Johnson (*pro hac vice*)
555 13th Street, NW, Suite 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for Defendants Take-Two
Interactive Software, Inc., Rockstar Games,
Inc., Terry Donovan and Sam Houser*


**SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP**


By:_____
      David Meister (DM-0942)
      Claiborne W. Porter (CP-7777)
Four Times Square
New York, NY  10036
(212) 735-3000

*Attorneys for Defendant Paul Eibeler*


**KING & SPALDING LLP**


By:_____
      Andrew C. Hruska (AH-3224)
      Jeffery E. Livingston (JL-8755)
      Louisa B. Childs (LC-0935)
1185 Avenue of the Americas
New York, New York  10036
(212) 556-2100

*Attorneys for Defendant Todd Emmel*

**LABATON SUCHAROW LLP**

By:_____
      Jonathan M. Plasse (JP-7515)
      Ethan D. Wohl (EW-0806)
140 Broadway
New York, New York  10005
(212) 907-0700

*Lead Counsel for Lead Plaintiffs and
Attorneys for Plaintiffs*


**MORVILLO, ABRAMOWITZ, GRAND,
IASON, ANELLO & BOHRER, P.C.**

By:_____
      Lawrence Iason (LI-8996)
      Edward M. Spiro (ES-1206)
565 Fifth Avenue
New York, New York  10017
(212) 856-9600

*Attorneys for Defendant Ryan Brant*


**ANDREW M. LAWLER, P.C.**

By:_____
      Andrew M. Lawler (AL-8802)
641 Lexington Avenue, 27th Floor
New York, New York  10017
(212) 832-3160

*Attorneys for Defendant Karl H. Winters*


**DEBEVOISE & PLIMPTON LLP**

By:_____
      John B. Missing (*pro hac vice*)
      Ada Fernandez Johnson (*pro hac vice*)
555 13th Street, NW, Suite 1100E
Washington, D.C. 20004
(202) 383-8000

*Attorneys for Defendants Take-Two
Interactive Software, Inc., Rockstar Games,
Inc., Terry Donovan and Sam Houser*


**SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP**

By:_____
      David Meister (DM-0942)
      Claiborne W. Porter (CP-7777)
Four Times Square
New York, NY  10036
(212) 735-3000

*Attorneys for Defendant Paul Eibeler*


**KING & SPALDING LLP**

By:_____
      Andrew C. Hruska (AH-3224)
      Jeffery E. Livingston (JL-8755)
      Louisa B. Childs (LC-0935)
1185 Avenue of the Americas
New York, New York  10036
(212) 556-2100

*Attorneys for Defendant Todd Emmel*

40111627v2

**STILLMAN, FRIEDMAN &
SHECHTMAN, P.C.**

By:_____
      Charles A. Stillman (CAS-0154)
      Michael J. Grudberg (MJG-7557)
      Nathaniel I. Kolodny (NIK-1792)
425 Park Avenue
New York, New York  10022
(212) 223-0200

*Attorneys for Defendant Oliver R. Grace, Jr.*

**SULLIVAN & CROMWELL LLP**

By:_____
      Gandolfo V. DiBlasi (GVD-5913)
      Stephen Ehrenberg
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Defendant Robert Flug*

723735 v9

40111627v2

30

STILLMAN, FRIEDMAN &
SHECHTMAN, P.C.

By: _____
        Charles A. Stillman (CAS-0154)
        Michael J. Grudberg (MJG-7557)
        Nathaniel I. Kolodny (NIK-1792)
425 Park Avenue
New York, New York  10022
(212) 223-0200

*Attorneys for Defendant Oliver R. Grace, Jr.*

SULLIVAN & CROMWELL LLP

By: _____
        Gandolfo V. DiBlasi (GVD-5913)
        Stephen Ehrenberg
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Defendant Robert Flug*

723735 v9

40111627v2

30

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                      )
                                                      )
IN RE TAKE-TWO INTERACTIVE                            )        No. 1:06-cv-00803-RJS
SECURITIES LITIGATION                                 )
                                                      )
                                                      )
_____              )

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS AND SEC CLAIMANTS

WHEREAS:

A.      The above-captioned consolidated securities class action (the "Action") was originally commenced on February 1, 2006, and by Order dated July 12, 2006, the District Court consolidated the Action with all related class actions and appointed the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund (collectively, "Lead Plaintiffs") as Lead Plaintiffs, and appointed Labaton Sucharow LLP ("Lead Counsel"), as Lead Counsel on behalf of Lead Plaintiffs;

B.      On October 30, 2009, Lead Plaintiffs and the State-Boston Retirement System (collectively, "Plaintiffs"), on behalf of themselves and as representatives of the Class entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants Take-Two Interactive Software, Inc. ("Take-Two"), Rockstar Games, Inc., Ryan Brant, Paul Eibeler, Karl H. Winters, Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Sam Houser and Terry Donovan (collectively, "Defendants"), to compromise and settle the claims asserted in the Action;

C.      Plaintiffs and Defendants have moved pursuant to Federal Rules of Civil Procedure ("Rules") 23(a), 23(b)(3), and 23(e) for an Order (1) certifying the Class for settlement purposes, (2) preliminarily approving the proposed settlement set forth in the

Stipulation (the "Settlement"), and (3) directing the issuance of notice to the Class in accordance

with the terms of the Stipulation; and

    D.  The Court having read and considered the Stipulation and exhibits thereto,

including the proposed Notice of Pendency of Class Action, Proposed Settlement of Class

Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund ("Notice"), the

proposed Proof of Claim and Release ("Proof of Claim"), the proposed Summary Notice of

Proposed Settlement and Settlement Hearing ("Summary Notice") and the proposed Judgment

and Order of Dismissal ("Judgment"), and finding that substantial and sufficient grounds exist

for entering this Order Preliminarily Approving Settlement and Providing for Notice to the Class

("Preliminary Approval Order");

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.  The Court, for purposes of this Preliminary Approval Order, adopts all

defined terms as set forth in the Stipulation.

    2.  The Court hereby certifies the following class for the purposes of

settlement only (the "Class"), pursuant to Rules 23(a) and 23(b)(3):  all persons who purchased

or otherwise acquired common stock of Take-Two between December 17, 2002 and July 10,

2006, inclusive (the "Class Period"), and who were damaged thereby.  Excluded from the Class

are: Defendants; members of the immediate families of any Individual Defendant; any parent,

subsidiary, affiliate, partner, officer, or director of any Defendant who is not an individual; any

entity in which any such excluded person has a controlling interest; and the heirs, successors, and

assigns of any such excluded person or entity.  Also excluded from the Class are any proposed

Class Members (except Plaintiffs) who properly exclude themselves by filing a valid and timely

request for exclusion in accordance with the requirements set forth in the Notice, a list of whom

will be attached to the proposed Judgment when it is submitted to the Court in connection with the Fairness Hearing.

3.      The Court finds that the prerequisites to class action certification under Rules 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a)     the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b)     there are questions of law and fact common to the Class Members;

(c)     Plaintiffs' claims are typical of the Class's claims;

(d)     Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Class;

(e)     the questions of law and fact common to the Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that: the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and, it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

4.      The Court hereby finds that Plaintiffs are adequate representatives of the Class and certifies them as class representatives for the Class.

5.      The Court preliminarily approves the proposed Settlement of this consolidated class action on the terms set forth in the Stipulation as being fair, reasonable and

adequate, subject to further consideration at a hearing to be held before this Court on

_____, 2010 at _:__ _.m. in the Daniel Patrick Moynihan United States Courthouse,

Courtroom 21C, 500 Pearl Street, New York, New York 10007 (the "Fairness Hearing") to

determine (i) whether the proposed settlement of the Action on the terms and conditions

provided for in the Stipulation is fair, reasonable and adequate and should be approved by the

Court and whether the proposed Plan of Allocation of the Net Settlement Amount is fair,

reasonable and adequate and should be approved by the Court; (ii) whether a judgment

substantially in the form of Exhibit B to the Stipulation should be entered herein; and (iii)

whether Lead Counsel's application for an award of attorneys' fees and reimbursement of

expenses (the "Fee and Expense Request") should be granted.

      6.     The Court approves the appointment of A.B. Data, Ltd. (the "Claims

Administrator") to administer the notice procedure as well as the processing of claims under the

supervision of Lead Counsel, as more fully set forth below, and authorizes the Claims

Administrator to conduct such administration of the Gross Settlement Fund (as defined in the

Stipulation) jointly with its administration of certain funds (the "SEC Funds") recovered by the

Securities and Exchange Commission, contingent upon approval of the Claims Administrator

and such joint administration by the District Judge of this Court under whose supervision the

SEC Funds are being held.

      7.     The Court approves the form, substance and requirements of the Notice,

Proof of Claim, and Summary Notice, attached hereto as Exhibits 1, 2 and 3, contingent upon

approval of the payment of the SEC Funds as set forth therein by the District Judge of this Court

under whose supervision the SEC Funds are being held.  In the event that payment of the SEC

Funds as set forth in the Notice, Proof of Claim, and Summary Notice is not approved by the

Court or payment thereof is approved on alternative terms, such documents shall be revised to omit reference to the SEC Funds or reflect such alternative payment terms, as applicable. The Court finds that the procedures established for mailing and distribution of such Notice and Proof of Claim and for publishing the Summary Notice, substantially in the manner set forth in paragraphs 9 and 10 hereof, constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

8. To the extent needed, Take-Two shall provide Lead Counsel with information obtainable by reasonable efforts identifying, by name and address, the persons and entities who were shareholders during the Class Period and during the period applicable to the SEC Funds, including banks, brokerage firms, institutions and other nominees and record owners.

9. Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed, first class mail, postage prepaid, to each Class Member at the address of each such person as set forth in the records of Take-Two or its transfer agent, or who otherwise can be identified through reasonable effort, on a date (the "Notice Date") within thirty-five (35) days after the later to occur of (i) entry of this Preliminary Approval Order, and (ii) entry of an order by the District Judge of this Court supervising the SEC Funds authorizing payment thereof as provided in the Notice. Defendants' Counsel shall cause Take-Two's transfer records concerning the identity and address of Class Members and their transactions to be transmitted to the Class Administrator within fourteen (14) days after entry of this Preliminary Approval Order.

10.     Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 3, to be published once in the national edition of the *Wall Street Journal*.

11.     No later than seven (7) days prior to the Fairness Hearing:  (a) Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the mailings and publication required in paragraphs 9 and 10 of this Preliminary Approval Order; and (b) Defendants' Counsel shall serve on Lead Counsel and file with the Court proof, by affidavit or declaration, of their compliance with the notice requirements of  28 U.S.C. § 1715, including the date of the last such notification provided.

12.     Lead Counsel or their agents shall be responsible for the receipt of all responses from the Class and shall preserve all entries of appearance, Proofs of Claim, and all other written communications from members of the Class, nominees or any other Person in response to the Notice for three (3) years, in hard copy or electronic form, after the Effective Date of the Settlement, or as otherwise ordered by the Court.

13.     The costs of notification to Class Members of the proposed Settlement in accordance with paragraphs 9 and 10 hereof, up to $250,000, including printing and mailing or publication of all required notices, shall be paid out of the Settlement Amount.  In accordance with the Stipulation, Take-Two shall advance to Lead Counsel, upon notice and reasonable supporting documentation, up to $250,000 from the Settlement Amount to pay such costs of notice and settlement administration without further Order of the Court.  Any amounts advanced pursuant to this paragraph shall not be recoverable by Defendants in the event that the Effective Date does not occur.

14.     No Person that is not a Plaintiff, Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Amount unless ordered by the Court or otherwise provided in the Stipulation.

15.     Any member of the Class who wishes to be excluded from the Class must submit a request for exclusion, in accordance with the instructions in the Notice, to the Claims Administrator, by first class mail no later than twenty-one (21) days before the Fairness Hearing. All persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Amount, and shall not be bound by any of the terms and provisions of the Stipulation, including the releases provided for in the Judgment, or any proceedings, rulings, orders, or judgments in this Action.  The Claims Administrator shall provide copies of requests for exclusion to Lead Counsel and Defendants' Counsel within five (5) days after such requests are received, and at least ten (10) calendar days before the Fairness Hearing.  Any Class Member who did not, or does not, submit a valid and timely written request for exclusion from the Class in accordance with the instructions in the Notice is a Class Member and shall be bound by all of the terms and provisions of the Stipulation, including the releases provided for in the Judgment, and by all proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable to the Class.

16.     Any Class Member who wishes to participate in the distributions from the Net Settlement Amount must complete and submit a Proof of Claim in accordance with the instructions contained therein.  All Proof of Claim forms must be submitted by first-class mail, postmarked no later than twenty-one (21) days before the Fairness Hearing or such other time as may be set by the Court.  If a Class Member chooses to return his, her or its Proof of Claim form

in a manner other than by first-class mail, then it must be actually received at the address on the

Proof of Claim form no later than twenty-one (21) days before the Fairness Hearing or such other

date as may be set by the Court.  Except as otherwise ordered by the Court, any Class Member

who fails to return a timely and signed Proof of Claim form shall be barred from receiving a

distribution of the Net Settlement Amount, but shall nevertheless be bound by and subject to the

Stipulation, the Judgment, and all proceedings, rulings, orders and judgments in this Action,

including, without limitation, the release provided for in the Judgment and the dismissal with

prejudice of this Action.  Notwithstanding the foregoing, Lead Counsel may, in its sole

discretion, accept for processing late claims so long as the distribution of the Net Settlement

Amount to Authorized Claimants is not thereby materially delayed.

17.     Any Class Member may enter an appearance in the Action, individually or

through counsel of his, her or its own choice, at his, her or its own expense.  Any Class Member

who chooses not to enter an appearance in the Action will be represented by Lead Counsel.

18.     Any Class Member who wishes to object to the fairness, reasonableness or

adequacy of the proposed Settlement, to the entry of the Judgment, to the Plan of Allocation or to

the Fee and Expense Request must file with the Court (c/o Clerk of the United States District

Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New

York, New York 10007), in the manner provided in the Notice and no later than fourteen (14)

days before the Fairness Hearing or as the Court may otherwise direct, notice of the Class

Member's intention to object, the grounds for such objection, and all papers the Class Member

intends to present to the Court in opposition to the proposed Settlement, the Judgment, the Plan

of Allocation or the Fee and Expense Request, including proof of all of the Class Member's

purchases of Take-Two common stock during the Class Period and price(s) paid, any legal

support the Class Member wishes to bring to the Court's attention and any evidence the Class

Member wishes to introduce in support of his, her or its objection.  In addition to filing such

papers and materials with the Court, the Class Member must serve copies of such papers and

materials, served by hand or by overnight delivery, upon each of the following:

Jonathan M. Plasse                         John B. Missing
Labaton Sucharow LLP                       Debevoise & Plimpton LLP
140 Broadway                               555 13th Street, NW, Suite 1100E
New York, NY  10005                        Washington DC  20004

*Lead Counsel for Lead Plaintiffs and*     *Attorneys for Defendants Take-Two*
*Attorneys for Plaintiffs and the*         *Interactive Software, Inc., et al.*
*Proposed Class*

19.     Any Class Member may file an objection of the nature described in

paragraph 18 on his, her or its own or through an attorney hired at his, her or its own expense.

Any Class Member who files and serves such an objection may, but is not required to, appear at

the Fairness Hearing, either in person or through an attorney hired at the Class Member's own

expense.  If a Class Member hires an attorney to represent him, her or it at the Fairness Hearing,

the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of

that notice to the counsel identified in paragraph 18 hereof at the addresses set forth therein, no

later than fourteen (14) days before the date of the Fairness Hearing.

20.     Persons who intend to object to the proposed Settlement, the Judgment to

be entered herein, the Plan of Allocation or to the Fee and Expense Request and present evidence

at the Fairness Hearing must include in their written objections the identity of any witnesses they

may seek to call to testify and any exhibits they may seek to introduce into evidence at the

Fairness Hearing.  Any Party has the right to object to any testimony or other evidence that a

person presenting an objection seeks to introduce.

21.     Unless the Court otherwise directs, no member of the Class or other Person shall be entitled to object to the proposed Settlement, the Judgment to be entered herein, the Plan of Allocation or the Fee and Expense Request, or otherwise to be heard, except by serving and filing written objections as described above.  Any Person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgment in the Action.  The proper allocation of the SEC Funds shall be determined by the District Judge of this Court under whose supervision such funds are being held, and shall not be a proper subject for determination at the Fairness Hearing.

22.     The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, without any further notice other than an announcement at the Fairness Hearing, or any adjournment thereof, and to approve the Stipulation with modification approved by the parties to the Stipulation and without further notice to members of the Class.

23.     At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation and the Fee and Expense Request shall be approved.  Neither the Defendants nor Defendants' Counsel shall have any responsibility for any plan of allocation of the Settlement Amount or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the proposed Settlement.  No attorneys fees or expenses will be deducted from the SEC Funds.  Subject to the concurrence of the District Judge of this Court under whose supervision the SEC Funds are being held, the reasonable costs of notice and administration, over and above those that would have been incurred in connection with the

Settlement, may be deducted from the SEC Funds prior to distribution, in an amount not to exceed $250,000.

24.     If the proposed Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the proposed Settlement and Stipulation (including any modification thereof), and any action taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect except for Defendants' obligation to pay for Notice and Administration Expenses as set forth in paragraph 13 of the Stipulation, and neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received as evidence at any proceeding in this or any other action or proceeding.

25.     All proceedings in the Action, other than proceedings as may be necessary to carry out the terms and conditions of the proposed Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the proposed Settlement and Stipulation should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing or prosecuting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Settled Plaintiffs' Claims, as defined in the Stipulation.

26.     Lead Counsel shall submit papers in support of final approval of the proposed Settlement, the Plan of Allocation and their application for an award of attorneys' fees and expenses and an award of reasonable costs and expenses to Plaintiffs by no later than one week prior to the date set for the Fairness Hearing.

27.     In any event, neither the Stipulation or any provisions contained in the Stipulation, nor any negotiations, statements or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, any presumption, concession or admission on the part of any of the Plaintiffs, Defendants, any Class Member or any other person or entity with respect to any liability or wrongdoing by them, or any of them, as to any claim alleged or asserted in the Action or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation), or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, their counsel and the members of the Class, or any present or former shareholders of the Company, or any other persons or entities, have or have not suffered any damage.

28.     If the proposed settlement provided for in the Stipulation is approved by the Court following the Fairness Hearing, a Judgment shall be entered as described in the Stipulation.

29.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Amount shall be under the authority of this Court.

30.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the proposed Settlement.

Dated:  New York, New York
           _____, 2009


_____
Honorable Richard J. Sullivan
United States District Judge

EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TAKE-TWO INTERACTIVE SECURITIES LITIGATION | ) ) ) ) ) |

No. 1:06-cv-00803-RJS

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING

#### —AND—

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| -against- | |
| RYAN ASHLEY BRANT, | |
| Defendant. | |

No. 1:07-cv-01075-DLC

### NOTICE OF AVAILABILITY OF FUNDS RECOVERED BY THE SECURITIES AND EXCHANGE COMMISSION

**If you purchased or otherwise acquired Take-Two Interactive Software, Inc. ("Take-Two") common stock during the period from December 17, 2002, through July 10, 2006, inclusive, you could get a payment from the class action settlement described below.**

**If you purchased or otherwise acquired Take-Two common stock during the period from February 6, 1998, through July 10, 2006, inclusive, you could get a payment from funds recovered by the Securities and Exchange Commission ("SEC"), as described below.**

**To obtain any payment from the class action settlement or funds recovered by the SEC, you must complete the enclosed Proof of Claim form and submit it by _____.  If you fail to do so, you will lose any right to obtain any payment.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

THIS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING AND NOTICE OF AVAILABILITY OF FUNDS RECOVERED BY THE SEC ("NOTICE") RELATES TO A PROPOSED SETTLEMENT (THE "SETTLEMENT") OF CLASS CLAIMS ASSERTED IN AN ACTION ENTITLED IN RE TAKE-TWO INTERACTIVE SECURITIES LITIGATION, CIVIL ACTION NO. 1:06-cv-00803-RJS (THE "CLASS ACTION"), BROUGHT BY THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, THE NEW YORK CITY POLICE PENSION FUND, THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND (COLLECTIVELY, "LEAD PLAINTIFFS") AND THE STATE-BOSTON RETIREMENT SYSTEM (TOGETHER WITH LEAD PLAINTIFFS, "PLAINTIFFS"), ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF THE CLASS, AGAINST TAKE-TWO, ROCKSTAR GAMES, INC., RYAN BRANT, PAUL EIBELER, KARL H. WINTERS, TODD EMMEL, ROBERT FLUG, OLIVER R. GRACE, JR., SAM HOUSER AND TERRY DONOVAN (COLLECTIVELY, "DEFENDANTS").

THIS NOTICE ALSO RELATES TO THE DISTRIBUTION OF FUNDS RECOVERED BY THE SEC IN A CIVIL ENFORCEMENT ACTION (THE "SEC ACTION") ENTITLED SEC V. BRANT, CIVIL ACTION NO. 1:07-cv-01075-DLC.

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com
DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE INCLUDING YOUR POSSIBLE RECEIPT OF CASH PAYMENT AS A RESULT OF THE PROPOSED SETTLEMENT AND FROM THE SEC ACTION AND ALSO CONTAINS A PROOF OF CLAIM FORM THAT YOU MUST COMPLETE AND SUBMIT BY **[_____]**, 2010 IN ORDER TO BE ELIGIBLE TO SHARE IN THE PROPOSED SETTLEMENT. PLEASE READ IT CAREFULLY!

- The proposed Settlement will provide $20,115,000 in cash (the "Settlement Amount") plus interest thereon (the "Gross Settlement Fund") to pay claims of investors who purchased or otherwise acquired Take-Two common stock during the period from December 17, 2002, through July 10, 2006, inclusive (the "Class Period") and will be paid, pursuant to the terms discussed in this Notice, to those investors who were allegedly damaged by the misrepresentations and omissions alleged in the lawsuit. Plaintiffs estimate that the average recovery per affected share of common stock would be approximately $0.24 before the deduction of attorney, notice, administrative, and tax fees, costs, and expenses, as approved by the Court, assuming that all Class Members submit valid and timely Proof of Claim forms.  The recovery is explained in greater detail below.  As is also explained below, the parties do not agree on the average amount of damages that would be recoverable if Plaintiffs prevailed on all claims.

- The proposed Settlement also provides for corporate governance reforms on the part of Take-Two, consisting of (1) a "clawback" provision, generally requiring that Take-Two adopt a policy that bonus and equity-based compensation arrangements with executive officers allow recovery or cancellation of such compensation in the event that financial results are erroneously reported as a result of knowing misconduct by the executive and such compensation is inflated as a result, and requiring Take-Two's board of directors to make a determination with respect thereto; (2) a policy requiring that "stockholder rights plans," also known as "poison pills," of 12 months' duration or longer be submitted to stockholder vote; and (3) a bylaw generally requiring advance notice in Take-Two's proxy statement of business to be brought before an annual meeting of shareholders.

- In conjunction with the proposed Settlement, the SEC has agreed to make available for distribution to Class Members and other investors who purchased or otherwise acquired Take-Two common stock during the period from February 6, 1998, through July 10, 2006, inclusive, the funds recovered by the SEC in the SEC Action, which totaled approximately $6.5 million as of October 26, 2009 (together with interest earned thereon, the "SEC Funds").  Distribution of the SEC Funds to investors is contingent upon Court approval of the Settlement, but receipt of a distribution from the SEC Funds is not dependent on an investor's participation in the Settlement, and an investor who timely and properly obtains exclusion from the Settlement does not thereby become ineligible for a distribution from the SEC Funds.

- The proposed Settlement will resolve a lawsuit over whether the Defendants violated federal securities laws as a result of issuing allegedly false and misleading public statements. The Defendants deny all allegations of wrongdoing. Plaintiffs believe that the proposed Settlement is in the best interests of the members of the Class, in that it provides a significant benefit now, as compared to the risk that a smaller or no recovery would be achieved after a trial and appeals, possibly years in the future, in connection with which Defendants would have the opportunity to assert substantial defenses to the claims asserted on behalf of the Class.

- Lead Counsel (defined below) intends to apply for an award of attorneys' fees not to exceed 12% of the Gross Settlement Fund. In addition, Lead Counsel intends to apply for reimbursement of expenses paid and incurred by Lead Counsel in connection with the prosecution and resolution of the Class Action, in an amount not to exceed $450,000 (the "Fee and Expense Application"). If Lead Counsel's Fee and Expense Application is approved by the Court, the average recovery per affected share of common stock would be reduced by approximately $0.03, for an average net recovery per affected share of approximately $0.21.   Lead Counsel have litigated the Class Action on a contingent-fee basis, and have advanced all of the expenses of litigation with the

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

expectation that if they were successful in recovering money for the Class, they would receive attorneys' fees and be reimbursed for their expenses from the recovery, as is customary in this type of litigation.  No attorneys' fees or expenses will be requested or awarded with respect to the SEC Funds.

- Your legal rights are affected whether you act, or do not act, so please read this Notice carefully. If you have any questions concerning any matter contained in this Notice, you may contact the Claims Administrator or Plaintiffs' Lead Counsel, as indicated on page **[__]**.

| YOUR LEGAL RIGHTS AND OPTIONS CONCERNING THE PROPOSED SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY** _____ | The only way to get a payment. |
| **REQUEST EXCLUSION FROM THE CLASS BY** _____ | Get no payment from the Class Action Settlement, preserve all rights.  (You may still be eligible for a payment from the SEC Funds if you submit a Proof of Claim form.) |
| **OBJECT TO THE SETTLEMENT SO THAT IT IS RECEIVED BY** _____ | Write to the Court about why you don't like any of the above. |
| **APPEAR AT A HEARING ON** _____ | Ask to speak in Court about any of the above Settlement. |
| **DO NOTHING** | Get no payment. Give up rights and release claims against the Defendants, as described more fully below. |

- These rights and options – **and the deadlines to exercise them –** are explained in this Notice.

- The issuance of this Notice is not intended to be an expression of the Court's opinion on the merits of any claim in the Class Action and the Court in charge of this case still has to decide whether to enter a judgment approving the proposed Settlement.  Payments will be made if the Court approves the proposed Settlement, after appeals, objections and other challenges are resolved, and after the completion of all claims processing. Please be patient.

- Any questions regarding the proposed Settlement should be directed to Plaintiffs' Lead Counsel: Jonathan Plasse, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) **[____]** (toll free), www.labaton.com. Any questions regarding the SEC Action or the SEC Funds should be directed to the Claims Administrator:  **[____]**.

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 3 -

**WHAT THIS NOTICE CONTAINS**

<u>Page</u>
#

1   WHY DID I GET THIS NOTICE?                                              #

2   WHAT RECOVERY DOES THE PROPOSED SETTLEMENT PROVIDE?                     #

3   WHAT MIGHT HAVE HAPPENED IF THE PARTIES HAD NOT AGREED TO               #
    THE PROPOSED SETTLEMENT?

4   WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?                      #

5   WHAT LED UP TO THE PROPOSED SETTLEMENT?                                 #

6   WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?                       #

7   WHY HAVE THE DEFENDANTS AGREED TO THE PROPOSED                          #
    SETTLEMENT?

8   WHAT OCCURRED IN THE SEC ACTION AND WHAT ARE THE SEC                    #
    FUNDS?

9   HOW MUCH WILL MY PAYMENT BE?                                            #

10  HOW DO I PARTICIPATE IN THE PROPOSED SETTLEMENT OR                      #
    RECEIVE A DISTRIBUTION FROM THE SEC FUNDS? WHAT DO I NEED
    TO DO?

11  WHAT ARE THE CORPORATE GOVERNANCE REFORMS AGREED TO AS                  #
    PART OF THE SETTLEMENT?

12  WHEN WILL I RECEIVE MY PAYMENT?                                         #

13  WHAT RIGHTS AM I GIVING UP TO RECEIVE A PAYMENT FROM THE                #
    CLASS ACTION SETTLEMENT?

14  CAN I EXCLUDE MYSELF FROM THE CLASS?                                    #

15  DO I HAVE A LAWYER IN THIS CASE?                                        #

16  HOW WILL THE LAWYERS BE PAID?                                          #

17  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE                 #
    THE PROPOSED SETTLEMENT, PLAN OF ALLOCATION AND REQUEST
    FOR ATTORNEYS' FEES AND EXPENSES?

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

|  |  | Page |
|---|---|---|
| 18 | WHAT CAN I DO IF I DON'T LIKE THE PROPOSED SETTLEMENT, THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES, AND/OR THE PLAN OF ALLOCATION? | # |
| 19 | WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION? | # |
| 20 | WHAT WILL HAPPEN IF I DO NOTHING AT ALL? | # |
| 21 | WHAT IS THE PLAN OF ALLOCATION? | # |
| 22 | SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES | # |
| 23 | ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT? WHO SHOULD I CONTACT IF I HAVE QUESTIONS? | # |

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 5 -

| WHY DID I GET THIS NOTICE? |
|---|

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure, the authority vested in the SEC to distribute funds recovered by it through disgorgement and civil penalty, and Orders of the United States District Court for the Southern District of New York (the "Court") to the following:

1. Persons believed to be eligible for membership in the class (the "Class"), which consists of: All individuals and entities who purchased or otherwise acquired the common stock of Take-Two between December 17, 2002, through July 10, 2006, inclusive (the "Class Period") and were damaged thereby, excluding any Defendants; members of the immediate families of any Individual Defendant; any parent, subsidiary, affiliate, partner, officer, or director of any Defendant who is not an individual; any entity in which any such excluded person has a controlling interest; and the heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class are any proposed Class Members (except Plaintiffs) who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the instructions set forth in this Notice.

2. Persons believed to be eligible for a distribution from the SEC Funds ("Qualified SEC Claimants"), who are all individuals and entities who purchased or otherwise acquired the common stock of Take-Two between February 6, 1998, through July 10, 2006, inclusive and were damaged thereby, excluding any Defendants; members of the immediate families of any Individual Defendant; any parent, subsidiary, affiliate, partner, officer, or director of any Defendant who is not an individual; any entity in which any such excluded person has a controlling interest; and the heirs, successors, and assigns of any such excluded person or entity.

The purpose of this Notice is to inform you of the proposed Settlement that has been reached in this class action and to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and at which the Court may also consider approval of a plan of allocation (the "Plan of Allocation") and the application of Lead Counsel for attorneys' fees and reimbursement of expenses, as described below.

The purpose of this Notice is also to inform you of the availability of the SEC Funds.

The Court directed that you be sent this Notice because you have a right to know about the proposed Settlement, and about all of your options, before the Court decides whether to approve the proposed Settlement. If the Court approves the proposed Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the court will make the payments that the Settlement allows.

Pursuant to an Order of the Court dated _____, 2009, (the "Preliminary Approval Order"), the Fairness Hearing will be held at __:__ __.m. on _____, 2010, before the Honorable Richard J. Sullivan in Courtroom **[__]** of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE CLASS ("CLASS MEMBER") OR QUALIFIED SEC CLAIMANT, OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PROPOSED SETTLEMENT OR THE SEC FUNDS. IF YOU WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT OR RECEIVE PAYMENT FROM THE SEC FUNDS, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY _____, 2010.**

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

| WHAT RECOVERY DOES THE PROPOSED SETTLEMENT PROVIDE? |
|---|

Pursuant to the proposed Settlement described herein, the Defendants have agreed to pay a total of $20,115,000 plus interest for the benefit of the Class. The Gross Settlement Fund, less notice and administration expenses, attorneys' fees and expenses awarded to Lead Counsel, any taxes due on the interest earned by the Gross Settlement Fund and any costs incurred in connection with determining the amount of taxes owed (the "Net Settlement Amount") is proposed to be distributed in accordance with the Plan of Allocation, described below. Under the proposed Plan of Allocation, your actual recovery from the Net Settlement Amount will depend on a number of variables including the number of Take-Two shares of common stock you purchased or otherwise acquired during the Class Period, the total number of shares for which timely and valid Proof of Claim forms are submitted by Class Members, and the amount of attorneys fees and expenses awarded by the Court. Certain Class Members may not be entitled to any recovery depending upon when they purchased or otherwise acquired and/or sold Take-Two common stock during the Class Period.  See "How Much Will My Payment Be?", on page **[___]** below.

| WHY IS THIS ACTION A CLASS ACTION? |
|---|

In a class action, one or more people called class representatives (in this case, the Court appointed Lead Plaintiffs New York City Employees' Retirement System, the New York City Police Pension Fund, and the New York City Fire Department Pension Fund, together with plaintiff State-Boston Retirement System) sue on behalf of people who have similar claims.  Here all these people are called a Class or Class Members.  One court resolves the issues for all class members except for those who exclude themselves from the Class.  Judge Richard J. Sullivan is in charge of this class action.

| WHAT IS THE CLASS ACTION ABOUT? WHAT HAS HAPPENED SO FAR? |
|---|

The Class Action alleges that Take-Two and the other Defendants made misstatements and omissions in connection with (a) the intentional backdating of stock options granted to its directors and senior management (the "Options Backdating Claim"); and (b) the inclusion of sexually-explicit content in Take-Two's then-premier product, the *Grand Theft Auto: San Andreas* video game, which ultimately caused the game to be temporarily withdrawn from circulation, allegedly resulting in losses to Take-Two (the "GTA Claim").  Plaintiffs allege that the statements made by Defendants were false and misleading, were made in violation of federal securities laws, and caused damage to Plaintiffs and the other members of the Class by inflating the price at which they purchased shares of Take-Two. Plaintiffs have sought money damages plus interest, costs and attorneys' fees from Defendants.  Take-Two and each of the other Defendants affirmatively deny any wrongdoing, fault or liability.

The Class Action was commenced on February 1, 2006 when the first of a series of four proposed class actions were filed.  By Order dated July 12, 2006, the Court consolidated these related actions and appointed the New York City Employees' Retirement System, the New York City Police Pension Fund, and the New York City Fire Department Pension Fund as Lead Plaintiffs and approved their selection of Labaton Sucharow LLP as Lead Counsel in the Class Action ("Lead Counsel"). Lead Plaintiffs, together with plaintiff State-Boston Retirement System filed their Consolidated Amended Class Action Complaint on September 11, 2006 ("CAC").

On January 3, 2007, the District Court entered a stipulated scheduling order providing that briefing on the CAC would be adjourned in anticipation of Take-Two issuing a restatement of its financial statements in connection with matters alleged in the CAC, and that Plaintiffs would be

**Questions?  CALL [___] TOLL FREE,  OR VISIT www.[___].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 7 -

permitted to file an amended complaint after issuance thereof.

On February 14, 2007, Defendant Ryan Brant pled guilty to a felony charge of falsifying business records in New York County Supreme Court and entered into a civil settlement with the SEC, pursuant to which he paid more than $6.2 million in disgorgement, interest and penalties.

On March 30, 2007, Take-Two issued a financial restatement, and on April 16, 2007, Plaintiffs filed their Consolidated Second Amended Class Action Complaint ("SAC").

Thereafter, Defendants moved to dismiss the SAC, and on April 16, 2008, the Court denied in part and granted in part Defendants' motions and granted Plaintiffs leave to amend.

On September 12, 2008, Plaintiffs filed their Consolidated Third Amended Class Action Complaint (the "Third Amended Complaint") and the parties thereafter briefed a motion directed at the legal sufficiency of such complaint, which motion remained *sub judice* at the time the proposed Settlement was reached and is now being held in abeyance under the terms of the Settlement.

In April 2009, Take-Two entered into settlements relating to options backdating with the SEC and New York County District Attorney pursuant to which Take-Two agreed to pay $3.3 million in fines and penalties, undertake a review of its corporate governance and executive compensation programs and policies, and institute certain internal control reforms.

---

### WHAT MIGHT HAVE HAPPENED IF THE PARTIES IN THE CLASS ACTION HAD NOT AGREED TO THE PROPOSED SETTLEMENT?

---

Defendants deny and continue to deny that they have committed any act or omission giving rise to liability in this Class Action. Plaintiffs and Defendants, therefore, do not agree on the average amount of damages per share of Take-Two common stock that would be recoverable if Plaintiffs were to have prevailed on the Class' claims asserted in the Class Action. The issues on which the parties disagree include, among other things, the amount of damage, if any, allegedly caused by the alleged misrepresentations and omissions at issue in this lawsuit. If Plaintiffs failed to establish any essential legal or factual element of their claims, neither they nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their asserted challenges to recoverable damages, Plaintiffs would likely recover substantially less than the Settlement Amount or recover nothing.

---

### WHAT LED UP TO THE PROPOSED SETTLEMENT?

---

The settlement discussions between Plaintiffs and Take-Two began in the summer of 2008, after the Court rendered its decision denying in part and granting in part Defendants' motions to dismiss the SAC.

Plaintiffs noted the absence of any discovery to date, and conditioned their entry into settlement discussions on review of the documents previously produced by Take-Two to government agencies investigating the subject matters of the Class Action. After extensive negotiations, Take-Two agreed to provide the following documents to Plaintiffs: (1) documents relevant to the Options Backdating Claim provided by Take-Two or by the Special Litigation Committee of Take-Two's Board of Directors (the "SLC") to the New York County District Attorney's Office and the SEC, excepting documents that were privileged or protected; (2) documents provided by Take-Two or by the SLC to the Manhattan DA and the Federal Trade Commission relating to the GTA Claim, excepting documents that are privileged or protected, and further excepting proprietary computer code; (3) logs identifying documents that were

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 8 -

responsive to the requests received from the above-mentioned governmental agencies but were being withheld on the basis of privilege or otherwise; and (4) the subpoenas or other document requests from the above-mentioned governmental agencies to which Take-Two's productions were responsive.  In light of the existence of the discovery stay imposed by the Private Securities Litigation Reform Act, Take-Two provided Plaintiffs with the foregoing production under a "locked room" arrangement which precluded Plaintiffs' use of the documents in litigation if settlement discussions were unsuccessful.  Pursuant to this arrangement, Plaintiffs conducted a review of the production by Take-Two, which totaled approximately 1.4 million pages, between September and November 2008.

On December 9-10, 2008, the parties met in Boston and conducted two days of mediation before Professor Eric Green of Resolutions LLC, however such mediation was unsuccessful.  Thereafter, the parties conducted mediation before Charles G. Moerdler, Esq. of Stroock & Stroock & Lavan LLP, the Special Master appointed by the Court, who held full or substantial part-day in-person mediations on the following dates:  February 24, 2009, March 9, 2009, May 12, 2009, June 10, 2009, and August 13, 2009.  At each of these mediation sessions, Lead Counsel for Plaintiffs was accompanied by counsel for Lead Plaintiffs from the New York City Law Department, and, on some occasions, counsel for Lead Plaintiffs from the New York City Comptroller's Office.

Earlier discussions resulted in an agreement in principle with respect to the financial component of the Settlement shortly after the May 12, 2009 meeting with Mr. Moerdler.  The subsequent discussions concerned corporate governance, and resulted in an agreement in principle shortly following the August 13, 2009 mediation session with Mr. Moerdler.

On August 31, 2009, Plaintiffs and Take-Two entered into a Memorandum of Understanding (the "MOU"), setting forth the material terms of a proposed Settlement.

The Stipulation of Settlement was subsequently negotiated and executed by counsel for the parties on October 30, 2009.

---

### WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?

---

Plaintiffs and Lead Counsel believe that the claims asserted in the Class Action have merit.  However, they recognize and acknowledge the uncertain outcome of such proceedings and the expense and length of continued proceedings necessary to prosecute the Class Action through trial and appeals.  As noted above, the GTA Claim, as pled in the SAC, was dismissed by the Court, and some or all of the claims set forth in the Third Amended Complaint could have been dismissed by the Court.  Assuming one or more claims was sustained, discovery would have required at least a year after a ruling thereon had been issued.  Following the completion of discovery, Defendants would have moved for summary judgment, which, if successful, would have terminated all or part of the Class Action unless reversed on appeal.  Plaintiffs and Lead Counsel also took into account the issues which would have to be decided by a jury if summary judgment were denied, including whether any statement made by any of the Defendants was false, whether the Defendants acted with scienter (that is, knowingly or recklessly) and whether each of the alleged misrepresentations and omissions was material.  Defendants would vigorously dispute each of these elements of liability in the event Plaintiffs successfully opposed their summary judgment motion and were entitled to proceed to trial.  Plaintiffs' proof of the damages they contend were caused by the alleged misrepresentations and omissions would also be vigorously contested by Defendants at trial.  Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and trial risk in complex actions such as the Class Action.  Furthermore, a verdict in favor of Plaintiffs and the Class would almost certainly have been appealed.  Considering these factors, which could have led to a smaller recovery or no recovery at all after a trial and appeals, possibly years in the future, and balancing them against the certain and significant benefits that the Class will receive as a result of the proposed Settlement, Plaintiffs and Lead Counsel determined that the proposed Settlement

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 9 -

described herein is fair, reasonable and adequate and that it is in the best interests of the Class to settle the Class Action on the terms described herein.

## WHY HAVE THE DEFENDANTS AGREED TO THE PROPOSED SETTLEMENT?

Defendants have disputed and expressly continue to dispute that they have committed any act or omission giving rise to any liability in this action.  Defendants, however, consider it desirable and in their best interest that the Class Action be dismissed under the terms of the proposed Settlement in order to avoid further expense, uncertainty and distraction, protracted litigation, and the possibility of an adverse outcome.

## WHAT OCCURRED IN THE SEC ACTION AND WHAT ARE THE SEC FUNDS?

On February 14, 2007, the SEC simultaneously filed and settled civil charges against Ryan Ashley Brant ("Brant"), formerly the Chief Executive Officer and Chairman of the Board of Directors of Take-Two, alleging that during a seven year period, Brant enriched himself and others by granting undisclosed, "in the money" stock options to himself and to other Take-Two officers and employees.

The SEC's complaint (the "SEC Complaint") alleged that from 1997 through September 2003, Brant, with the participation and knowledge of senior executives and others at Take-Two, looked back and picked grant dates for the Company's incentive stock options that coincided with dates of historically low annual and quarterly closing prices for Take-Two's common stock, resulting in grants of "in-the-money" options. The SEC Complaint further alleged that Brant and others at Take-Two referred to this practice as "pick-a-date" option granting. According to the SEC Complaint, Brant granted options to himself and others at Take-Two without complying with Take-Two's stock option plans and, in virtually all instances, without the Board or a Committee thereof approving the grant dates or exercise prices. The SEC Complaint alleges that at Brant's direction, or with his knowledge, Take-Two officers and employees prepared documents falsely indicating that the option grants had been made on earlier dates when Take-Two's stock price had closed lower. The SEC Complaint also alleged that from 1997 to September 2003, Brant awarded himself ten backdated option grants, representing a total of approximately 2.1 million shares of Take-Two common stock. Brant exercised all those options before resigning from Take-Two on October 16, 2006.

The SEC Complaint alleges that because of the undisclosed backdating scheme, Take-Two filed with the Commission quarterly and annual reports, proxy statements and registration statements that Brant knew, or was reckless in not knowing, contained materially false and misleading statements concerning the true grant dates and proper exercise prices of stock options, and which misled investors to believe that stock options were granted in accordance with the terms of the applicable stock option plans. According to the SEC Complaint, Take-Two materially understated its compensation expenses and materially overstated its quarterly and annual pre-tax earnings and earnings per share in its financial statements. Take-Two has announced that it must restate historical financial results for multiple years in order to record additional non-cash charges for option-related compensation expenses.

Without admitting or denying the allegations of the SEC Complaint, Brant consented to the entry of an order: (1) permanently enjoining him from violating Section 17(a) of the Securities Act of 1933, Sections 10(b), 13(b)(5), 14(a), and 16(a) of the Securities Exchange Act of 1934 (Exchange Act) and Exchange Act Rules 10b-5, 13b2-1, 14a-9, and 16a-3, and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Exchange Act Rules 12b-20, 13a 1, and 13a 13; (2) permanently barring him from acting as an officer or director of a public company;

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 10 -

and (3) requiring him to disgorge gains of $4,118,093 with $1,143,513 in prejudgment interest thereon, and to pay a $1,000,000 civil penalty.  Judgment was entered by the Court supervising the SEC Action, approving the settlement, on February 16, 2007.

The SEC Funds consist of the monies disgorged by Brant, the pre-judgment interest earned thereon, and the civil penalty paid by him, together with post-judgment interest.  As of October 26, 2009, the SEC Funds totaled approximately $6.5 million.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

If the proposed Settlement is approved by the Court and you are entitled to a payment, your share of the Net Settlement Amount and SEC Funds will depend on the number of valid Proof of Claim Forms that Class Members and Qualified SEC Claimants submit, the number of shares of Take-Two common stock you purchased or otherwise acquired during the relevant period, and when you sold those shares, as described in the Plan of Allocation that is described in this Notice on pages **[__]**.

By following the Plan of Allocation, you can calculate your "Recognized Loss."  The Claims Administrator will distribute the Net Settlement Amount and SEC Funds according to the Plan of Allocation after all Proof of Claim forms have been processed, the proposed Settlement has been approved by the Court, and any appeals, objections and other challenges have been resolved in favor of approval of the proposed Settlement or the time for any appeals has expired.

No attorneys fees or expenses will be deducted from the SEC Funds.  The reasonable costs of notice and administration, over and above those that would have been incurred in connection with the Settlement of the Class Action, however, will be deducted from the SEC Funds prior to distribution, in an amount not to exceed $250,000.

| HOW DO I PARTICIPATE IN THE PROPOSED SETTLEMENT OR RECEIVE A DISTRIBUTION FROM THE SEC FUNDS? WHAT DO I NEED TO DO? |
| --- |

To qualify for a payment out of the Net Settlement Amount or SEC Funds, you must be a member of the Class or Qualified SEC Claimant, respectively, and complete and sign the Proof of Claim form enclosed with this Notice, and mail it by First-Class mail to In re Take-Two Interactive Securities Litigation, c/o **[CA Name]**, Claims Administrator, **[address]**, postmarked no later than **[__]**, 2010.  A claim form is enclosed with this Notice.  If a Class Member or Qualified SEC Claimant chooses to return his, her or its Proof of Claim form in a manner other than by First-Class mail, then the form must be actually be received at the address on the Proof of Claim form no later than **[__]**, 2010.

Review the Proof of Claim form and read the instructions carefully. The Proof of Claim form must be supported by such documents specified in the Proof of Claim form as are reasonably available to you. The Proof of Claim form incorporates the Releases set forth below on p. ___.  Any member of the Class who fails to submit a Proof of Claim form postmarked or received by **[__]**, 2010, and who does not exclude himself, herself or itself from the Class in accordance with the instructions set forth below, shall be forever barred from receiving any payments pursuant to the proposed Settlement described herein, but in all other respects will be subject to and bound by the provisions of any judgment entered, including but not limited to the releases included therein. This means that if the proposed Settlement is approved by the Court, each Class Member will be deemed to have released the Released Claims against the Released Parties, as defined below on p. ___, and will be enjoined and prohibited from filing, prosecuting or pursuing any of the Released Claims against the Released Parties regardless of whether or not you submit a Proof of

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 11 -

Claim.  If you have any questions, or need assistance, call the Claims Administrator at **[__]** toll-free or send an e-mail to **[__]**.com, and someone will assist you.

---

WHAT ARE THE CORPORATE GOVERNANCE REFORMS AGREED TO AS PART OF THE SETTLEMENT?

---

There are three corporate governance reforms agreed to as part of the Settlement, as follows:

1. **Recovery of Improperly-Awarded Incentive Compensation**

Under the Settlement, Take-Two is required to adopt a policy, which shall be implemented through the insertion of appropriate contractual provisions in agreements with applicable employees, providing as follows:

The Board may require reimbursement of any bonus or incentive compensation awarded to an Executive and/or effect the cancellation of unvested restricted stock or outstanding stock option awards previously granted to an Executive, in each case, on or after the adoption of this policy, but in no event more than four years after the award of such compensation, where: (1) the payment was predicated upon achieving certain financial results that were subsequently determined to have been erroneously reported; (2) the Board determines that the Executive engaged in knowing or intentional fraudulent or illegal conduct that caused or substantially caused such erroneous reporting to have occurred; and (3) a lower payment would have been made to the Executive based upon the corrected financial results.  In each such instance, the Board may, to the extent practicable under applicable law, seek to recover from such Executive any bonus or incentive compensation awarded to such Executive on or after the adoption of this policy that was subsequently reduced due to the correction of erroneous reporting and/or effect the cancellation of outstanding restricted stock or stock option awards previously granted to such Executive on or after the date of the adoption of this policy in the amount by which such Executive's bonus or incentive payments for the relevant period exceeded the lower payment that would have been made based on the corrected financial results.

The Board shall render a determination pursuant to this policy in each instance where both an erroneous report of financial results has affected the size of a bonus or incentive compensation awarded to an Executive, and where the Board is aware of credible evidence that the Executive may have engaged in such fraudulent or illegal conduct.  In determining whether to recover a payment, the Board shall take into account such considerations as it deems appropriate, including, without limitation, whether the assertion of a claim against the Executive could violate applicable law or prejudice the Corporation's overall interests and whether other penalties or punishments are being imposed on the Executive, including by third parties, such as law enforcement agencies, regulators or other authorities.  The Board shall have sole discretion in determining whether an Executive's conduct has or has not met any particular standard of conduct under law or Corporation policy.  Any recovery under this policy may be in addition to any other remedies that may be available to the Corporation under applicable law, including disciplinary actions up to and including termination of employment.

For purposes of this policy, the term "Executive" means an "executive officer" as defined in Rule 3b-7 of the Securities Exchange Act of 1934.  The right of the Board to assert a recovery claim under this policy shall not survive the occurrence of a change in

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 12 -

control of the Corporation as defined in the relevant incentive compensation plan.  This policy shall apply in addition to any right of recovery against the Chief Executive Officer and the Chief Financial Officer under Section 304 of the Sarbanes-Oxley Act of 2002. The Board may delegate one or more of the duties or powers described in this policy to one or more committees of the Board consisting of solely independent directors.

2. **Stockholder Vote on Takeover Defenses**

Under the Settlement, Take-Two is required to adopt a policy requiring that the Board of Directors submit any arrangement providing for dilution of ownership of a person seeking control of the Corporation (commonly identified as a "stockholder rights plan" or "poison pill") that is greater than 12 months in duration to a vote of stockholders at the first annual meeting of stockholders to be held 90 days or more after the effective date thereof, provided, however, that if such an arrangement has been terminated as of the date of such meeting, no vote shall be held.

3. **Advance Notice of Matters to Be Presented for Stockholder Vote**

Under the Settlement, Take-Two is required to adopt a bylaw providing that no business may be properly brought before an annual meeting of stockholders by a person other than a stockholder unless such matter has been included in the proxy solicitation materials issued by the Corporation, excepting procedural matters concerning the conduct of such annual meeting.

---

### WHEN WILL I RECEIVE MY PAYMENT?

---

The Court will hold a hearing on **[__]**, 2010 to consider whether to approve the proposed Settlement.  The Net Settlement Amount and SEC Funds cannot be distributed until after the Court has approved the proposed Settlement and any appeals, objections and other challenges have been resolved in favor of its approval, or after the expiration of the time to file an appeal.  In addition, there will be no distribution of the Net Settlement Amount until a plan of allocation is finally approved and any appeals, objections and other challenges have been resolved in favor of that plan of allocation. The resolution of any appeals could take more than a year.  In addition, the review and processing of Proof of Claim forms must be completed by the Claims Administrator before distribution of the Net Settlement Amount can be made. Claims processing, by itself, is a complicated process and will take many months.  Please be patient.

---

### WHAT RIGHTS AM I GIVING UP TO RECEIVE A PAYMENT FROM THE CLASS ACTION SETTLEMENT?

---

If you are a Class Member and if the proposed Settlement is approved by the Court and that approval becomes final, and you do not exclude yourself you, on behalf of yourself, your heirs, executors, administrators, successors, assigns and any persons you represent, will release all "Released Claims," against all "Released Parties" as follows:

(a)       "Released Claims" means all claims that were asserted in the Complaint, and any and all claims, rights or causes of action, demands, attorneys' fees, costs, obligations, controversies, debts, damages, losses or liabilities of any kind whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including those known and unknown, accrued and not accrued, foreseen and unforeseen, matured and not matured that have been or could have been raised in the Class Action, or in any forum, arising out of or relating to the allegations, transactions, facts, matters or occurrences, representations alleged or that could have been alleged in the

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 13 -

Class Action and relating to the purchase, transfer or acquisition of shares of the common stock of Take-Two. "Released Claims" also means, to the fullest extent permitted by law, any claims that could be asserted under: (a) the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides that:  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor; and (b) the provisions, right and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable.  "Released Claims" do not, however, include (i) claims that have been brought or could have been brought under the Employees Retirement Income Security Act of 1974, (ii) the claims asserted in *In re Take-Two Interactive Software, Inc., Derivative Litigation*, Civil Action No. 06-cv-05279 (LTS) (S.D.N.Y.) and *St. Clair Shores General Employees Retirement System v. Eibler*, Civil Action No. 06-cv-0688 (RJS) (S.D.N.Y.), pending in the United States District Court for the Southern District of New York, in which all parties reserve their rights, or (iii) any action or cause to enforce the terms of this Stipulation or the Final Judgment.

(b)     "Released Parties" means any and all of the Defendants and/or their current or former respective agents, servants, attorneys, auditors, investment advisors, underwriters, officers, directors, employees, partners, subsidiaries, affiliates, insurers, stockholders, heirs, executors, representatives, parents, predecessors, successors, assigns, trusts, benefits committees, related companies or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants or any of the parties listed above.

(c)     "Unknown Claims" means any and all Released Claims which any Lead Plaintiff or other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement (including the decision not to object or exclude himself, herself or itself from the Settlement). Unknown Claims also means any and all Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, other Class Members, and Lead Counsel, which, if known by him, her or it, might have affected his, her or its settlement with Plaintiffs and the Class and release of Plaintiffs, other Class Members, and Lead Counsel, or might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and any and all Released Defendants' Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Final Judgment shall be deemed to have fully, finally, and expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

(d)     If you are a Class Member, all of the Court's proceedings, rulings, orders, and judgments will apply to you and legally bind you.

(e)     Receipt of payment from the SEC Funds does not release any claim you may have against any party.

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or that could have been asserted in this case.  If you don't want payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same Released Claims, then you must take steps to get out of the Class.  This is called excluding yourself or is

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 14 -

sometimes referred to as opting out of the Class.

| CAN I EXCLUDE MYSELF FROM THE CLASS? |
|---|

YOU WILL BE EXCLUDED FROM THE CLASS ONLY IF YOU REQUEST EXCLUSION FROM THE CLASS AS FOLLOWS:

You may request to be excluded from the Class by timely mailing a written Request for Exclusion, POSTMARKED ON OR BEFORE **[__]**, 2010, to: In re Take-Two Interactive Securities Litigation, c/o **[CA Name]**, Claims Administrator, **[address]**.

Your Request for Exclusion should include your name (and the name of any joint owner of Take-Two common stock), your address, the number of shares of Take-Two common stock purchased or otherwise acquired and sold by you during the Class Period, the date(s) of such purchase(s) or acquisition(s)and sale(s) and the price(s) paid and received, and should specifically state that you request to be excluded from the Class in the Class Action. Each individual requesting exclusion must personally sign a Request for Exclusion. In the case of a corporation or partnership requesting exclusion, an officer of the corporation or general partner must sign a Request for Exclusion.  You cannot exclude yourself on the phone or by e-mail.

***If you request to be excluded, you will not be entitled to share in any recovery obtained by the Plaintiffs by settlement or favorable judgment in the Class Action, including the proposed Settlement with the Defendants described in this Notice, and you cannot object to the Settlement. You also will not be bound by any judgment in favor of either the Plaintiffs or Defendants.***

While distribution of the SEC Funds to investors is contingent upon Court approval of the Settlement, receipt of a distribution from the SEC Funds is not dependent on an investor's participation in the Settlement, and an investor who timely and properly obtains exclusion from the Settlement does not thereby become ineligible for a distribution from the SEC Funds.  To obtain a distribution from the SEC Funds, however, you must complete the enclosed Proof of Claim form and submit it by the date specified above.

| DO I HAVE A LAWYER IN THIS CASE? |
|---|

Yes. The Court appointed the firm of Labaton Sucharow LLP as Lead Counsel in the Class Action to represent all Class Members in the Class Action. You will not be charged for these lawyers, although they will ask the Court to award a portion of the Gross Settlement Amount as a fee for their services to Plaintiffs and the Class and to reimburse them for their expenses in prosecuting the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| HOW WILL THE LAWYERS BE PAID? |
|---|

Lead Counsel for the Plaintiffs will apply to the Court for an award of attorneys' fees from the Gross Settlement Amount not to exceed twelve percent (12%) of the Gross Settlement Amount, and reimbursement of expenses of no greater than $450,000.  If these amounts are awarded by the Court, the average estimated cost per affected share is $0.03, for an average net recovery per affected share of approximately $0.21. Lead Counsel have spent over three years litigating the Class Action on an entirely contingent-fee basis, and have advanced all of the expenses of litigation with the expectation that if they

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 15 -

were successful in recovering money for the Class, they would receive attorneys' fees and be reimbursed for their expenses from any funds recovered on behalf of the Class, as is customary in this type of litigation. Any amounts awarded by the Court will come out of the Gross Settlement Amount. Class Members are not personally liable for any such fees or expenses.

No attorneys' fees or expenses will be requested or awarded with respect to the SEC Funds.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES?**

---

As noted above, the Fairness Hearing will be held on **[__]**, 2010 at **[__]**.m. in Courtroom **[__]** of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, at which the time Court will consider, among other things, whether the proposed Settlement of the Class Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court; and may also consider whether the proposed Plan of Allocation of the Net Settlement Amount is fair, reasonable, and adequate and should be approved by the Court; and whether a Final Judgment should be entered in the Class Action. The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members, other than notice posted at the Court on the date of the Fairness Hearing. At or after the Fairness Hearing, the Court will also consider whether to approve Lead Counsel's Request for Attorneys' Fees and Expenses and the Plan of Allocation described herein.

---

**WHAT CAN I DO IF I DON'T LIKE THE PROPOSED SETTLEMENT, THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES AND/OR THE PLAN OF ALLOCATION?**

---

If you are a Class Member, you can object to the proposed Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation if you do not like any part of any of them. The Court will consider your views. If you object to the proposed Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, you can present reasons why you think the Court should not approve any of them. To object, you must send a letter saying what you object to and the reasons for your objection. Be sure to include the case name and number: "*In re Take-Two Interactive Securities Litigation*, Civil Action No. 1:06-cv-00803-RJS (S.D.N.Y.)," your name, current address, telephone number, signature, information concerning your purchase(s) and/or acquisition(s) and sale of Take-Two common stock from December 17, 2002, through and including July 10, 2006, including the number of such shares purchased and/or acquired and sold, the dates of purchase and sale, the reason(s) you object to the proposed Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, and all legal support you wish to bring to the Court's attention or evidence you have to support your objection. You must mail or deliver copies of your objection and of any papers you would like to present to the Court to all of the people identified below such that they are *received* no later than **[__], 2010**:

| | |
|---|---|
| *The Court:* | *Lead Counsel for Plaintiffs:* |
| Clerk of the Court | Jonathan M. Plasse, Esq. |
| United States District Court, Southern District of New York | LABATON SUCHAROW LLP |
| 500 Pearl Street | 140 Broadway |
| New York, NY 10007 | New York, New York 10005 |

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

*Counsel for Take-Two and Certain Other Defendants*:

John B. Missing, Esq.
DEBEVOISE & PLIMPTON LLP
555 13th Street, NW, Suite 1100E
Washington D.C. 20004

Any objection may be filed and served on your own or through an attorney hired at your own expense.  If you file and serve an objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through an attorney hired at your own expense.  If you hire an attorney to represent you at the Fairness Hearing, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' Counsel, at the addresses set forth above, so that they are *received* no later than **[__], 2010**.

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION, AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE FEE AND EXPENSE APPLICATION, AND/OR THE PROPOSED PLAN OF ALLOCATION, UNLESS THE COURT ORDERS OTHERWISE.

Class Members who do not object to the proposed Settlement, Fee and Expense Application and Plan of Allocation need not appear at the Fairness Hearing.

> **WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION?**

Objecting is telling the Court that you want to stay in the Class, but do not like something about the proposed Settlement, Plan of Allocation or Request for Attorneys' Fees and Expenses. You can object only if you are a Class Member.  If you submit, in accordance with the instructions in this Notice, a Request for Exclusion, that tells the Court that you don't want to be a Class Member, and therefore you cannot object because the Class Action no longer affects you.

> **WHAT WILL HAPPEN IF I DO NOTHING AT ALL?**

If you do nothing, you will not get any money from the proposed Settlement or the SEC Funds. Unless you exclude yourself, if you are a Class Member, you will not ever be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendant or other Released Party asserting any of the Released Claims, as described above.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2010.

> **WHAT IS THE PLAN OF ALLOCATION?**

The Plan of Allocation is the method by which the Net Settlement Amount and SEC Funds will be allocated among Class Members and Qualified SEC Claimants who submit timely, valid and signed Proof of Claim forms ("Authorized Claimants"). It is the product of Lead Counsel's investigation and discovery,

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

and consultation with Plaintiffs' damages expert, Forensic Economics, Inc. ("Forensic Economics").  In formulating this Plan of Allocation, Lead Counsel and Forensic Economics considered the applicable law governing the ability to recover damages for the alleged misrepresentations and omissions, as well as decisions issued by the Court in the Class Action.  Specifically, governing law requires that in order to recover damages, a plaintiff must show a connection between the alleged misrepresentations and the loss.  Under the governing law, a recovery of losses is barred absent a showing that any losses were caused by a public disclosure concerning the alleged fraud.  With respect to the SEC Funds, Lead Counsel also consulted with counsel for the SEC.

The alleged misrepresentations and omissions at issue in the Class Action and SEC Action are alleged to have first been made: (1) with respect to the SEC Action, on February 6, 1998, (2) with respect to the Options Backdating Claim (within the statute of limitations applicable to the Class Action), on December 17, 2002, and (3) with respect to the GTA Claim, on October 25, 2004.  The alleged misrepresentations and omissions at issue in the Class Action and SEC Action are alleged to have been fully corrected by disclosures made: (1) with respect to the Options Backdating Claim and the claims in the SEC Action, on July 10, 2006, and (2) with respect to the GTA Claim, after the close of the market on July 25, 2005.

For purposes of calculating each Class Member's Recognized Loss, Lead Counsel and Forensic Economics have weighted the GTA Claim and the Options Backdating Claim to reflect Lead Counsel's determination, in consultation with Plaintiffs, regarding the relative strength of such claims. Specifically, Lead Counsel has substantially discounted the strength of the GTA Claim relative to the Options Backdating Claim, because (1) the GTA Claim was dismissed by the Court, and the Options Backdating Claim was sustained by the Court, (2) based on Lead Counsel's analysis of (a) the documents produced by Take-Two and reviewed prior to the Settlement, and (b) public disclosures by Take-Two and other public information, Lead Counsel determined that the Options Backdating Claim was substantially more likely to result in a verdict and judgment favorable to Plaintiffs, and (3) the Options Backdating Claim was assigned a substantially higher value than the GTA Claim by the Parties in their negotiations leading to the Settlement.  Based on these factors, Lead Counsel determined that 15% of the Net Settlement Amount should be allocated to the GTA Claim, and that 85% of the Net Settlement Amount should be allocated to the Options Backdating Claim.

The SEC Funds were allocated between the Class Period and the prior period from February 6, 1998 through December 16, 2002 (the "SEC-Only Period") on the basis of the relative number of "damaged shares" calculated by Forensic Economics to have been purchased in each such period. According to Forensic Economics, approximately 25.6% of the total damaged shares purchased during the overall period from February 6, 1998 through July 10, 2006 (the "Claims Period") were purchased during the SEC-Only Period, resulting in an allocation of approximately $1.6 million to such period.

Based on the foregoing considerations, Lead Counsel and Forensic Economics have calculated the amounts of losses per share caused as a result of the alleged misrepresentations and omissions at issue in the Class Action and SEC Action, weighted based on the relative strength of such claims and the amount of the funds available to be awarded (as described above), as follows: (1) with respect to the Options Backdating Claim in the SEC-Only Period, $0.17 per share, (2) with respect to the Options Backdating Claim in the Class Period, $0.73 per share, and (3) with respect to the GTA Claim, $0.11 per share.

Applying these amounts of recoverable losses per share, Lead Counsel and Forensic Economics have calculated the amount by which the value of Take-Two common stock was inflated during the Claims Period for purposes of the Recognized Loss calculation, as follows:

February 6, 1998 to December 16, 2002 -- $0.17
December 17, 2002 to October 24, 2004 -- $0.73
October 25, 2004 to July 25, 2005 -- $0.84

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

July 26, 2005 to July 10, 2006 -- $0.73

Take-Two effected a 3-for-2 stock split in its common stock, effective April 12, 2005.  To account for this stock split, all quantities of shares purchased or sold before April 12, 2005 are multiplied by 1.5 and all stock prices during this period are divided by 1.5.  The recoverable loss per share and the inflation per share stated above have already been adjusted for the split.

For Class Members and Qualified SEC Claimants who made multiple purchases, other acquisitions or sales of Take-Two common stock during the Claims Period, sales must first be matched with purchases during or prior to the Claims Period.  To do so, the first in, first out ("FIFO") method is used.  Under FIFO, sales of Take-Two common stock will be first matched with any pre-Claims Period holdings, and then with purchases during the Claims Period, in chronological order (i.e., starting with the earliest such purchases).  If there are more sales than purchases during the Claims Period, an initial balance of a corresponding number of shares will be assumed.  All sales of shares matched to pre-Claims Period holdings shall be ignored for the purposes of calculating Inflation Loss and Trading Loss (as defined below).  If there are more purchases than sales during the Claims Period, the purchases not matched with sales are referred to as "retained shares."

Each Authorized Claimant's "Inflation Loss" for each set of matched transactions and retained shares will be calculated as the number of shares purchased or otherwise acquired during the Claims Period, multiplied by the difference between the applicable inflation per share on the date of purchase or acquisition as indicated above and the applicable inflation per share on the date of sale as indicated above, if any. If the Inflation Loss for a set of matched transactions is a negative amount, such negative amount represents an "Inflation Profit" that will be offset against Inflation Loss from other sets of matched transactions and retained shares.

Each Authorized Claimant's total Inflation Loss, if any, will be calculated as the sum of the Inflation Loss or Profit calculated for each set of matched transactions and retained shares.  If an Authorized Claimant's Inflation Profits exceed the Authorized Claimant's Inflation Losses, the Authorized Claimant will not be entitled to any recovery from the Net Settlement Amount or SEC Funds.

Under applicable law, damages are limited by the actual trading loss realized in connection with purchases and other acquisitions during the Claims Period. For shares retained at the end of the Claims Period, the limitation on damages attributable to actual trading loss or profit are calculated based on the "holding price" of $9.34, the closing price of Take-Two common stock at the end of the Claims Period.

Each Authorized Claimant's "Trading Loss" for each set of matched transactions and retained shares will be calculated as the number of shares purchased or otherwise acquired during the Claims Period multiplied by the difference between the purchase price per share, and: (i) if sold or disposed during the Claims Period, the sale price per share; or (ii) if retained through the end of the Claims Period, the holding price.  If the Trading Loss from this calculation results in a negative amount, such negative amount represents a "Trading Profit" that will be offset against Trading Loss from other sets of matched transactions and retained shares.

Each Authorized Claimant's total Trading Loss will be calculated as the sum of the Trading Losses (or Profits) for all matched transactions and retained shares.  If an Authorized Claimant's Trading Profits exceed the Authorized Claimant's Trading Losses, the Authorized Claimant will not be entitled to any recovery from the Net Settlement Amount or SEC Funds.

An Authorized Claimant's total Recognized Loss for purposes of the proposed Settlement and distribution of the SEC Funds is the **lesser** of the total Inflation Loss as calculated above and the total Trading Loss as calculated above.

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

- 19 -

For purposes of calculating Recognized Loss, the date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price received per share and the price paid per **share shall be exclusive of commissions, taxes, fees and charges. Any person or entity who sold Take-Two common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period to cover such short sale.  However, to the extent that any purchase during the Class Period to cover a short sale resulted in an Inflation Profit or a Trading Profit, such transactions will be taken into account when calculating an Authorized Claimant's total Recognized Loss.**

If the Net Settlement Amount equals the total Recognized Loss of all Authorized Claimants, then each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the Net Settlement Amount is greater or less than the total Recognized Loss of all Authorized Claimants, then each Authorized Claimant shall be paid the percentage of the Net Settlement Amount that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  As such, each Authorized Claimant will receive a pro rata share of the Net Settlement Amount.  The Court has reserved jurisdiction to allow, disallow, or adjust the Recognized Loss of any Class Member on equitable grounds.

A payment to any Authorized Claimant of less than $10.00 in total, however, will not be included in the calculation and will NOT be distributed and will instead be reallocated to other eligible Authorized Claimants.

*Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Amount, and does not reflect the actual amount an Authorized Claimant can expect to recover.*

No Class Member or Qualified SEC Claimant will have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, Forensic Economics, or any other person designated by Lead Counsel, based on distributions made substantially in accordance with this Plan of Allocation, or as otherwise ordered by the Court.  No Class Member, Qualified SEC Claimant, or any other Person shall have any claim against Defendants or Defendants' Counsel based on the amounts of any distributions from the Net Settlement Amount or SEC Funds, any determinations regarding that Person's eligibility to receive a distribution from the Net Settlement Amount or the SEC Funds, or any rejection of that Person's claim to receive a distribution from the Net Settlement Amount or the SEC Funds.

The Court has reserved the right to modify the Plan of Allocation without further notice to Class Members or Qualified SEC Claimants. Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Class Members and Qualified SEC Claimants.

| SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES |
| --- |

If you hold Take-Two common stock that was purchased during the Claims Period (February 6, 1998 to July 10, 2006) as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (a) mail copies of this Notice and the accompanying Proof of Claim Form by first-class mail to each such beneficial owner; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address:

**Questions?  CALL [__] TOLL FREE,  OR VISIT www.[__].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

*In re Take-Two Interactive Securities Litigation*
c/o **[___]**, Claims Administrator
Attention: Fulfillment Department
**[address]**
**[address]**
**[address]**

(800) **[___]**
Fax **[___]**
**[___]**.com

| |
|---|
| ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT? WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |

This Notice summarizes the proposed Settlement.  More details are contained in the formal Stipulation of Settlement which has been filed with the Court.  In addition, Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation and Lead Counsel's Fee and Expense Application will filed with the Court on or before **[___]**, 2010.  If you want a copy of the Stipulation of Settlement, Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application, or if you have any questions about these matters, you may: write to the Claims Administrator at In re Take-Two Interactive Securities Litigation, c/o **[CA Name]**, Claims Administrator, **[address]**, call **[___]** toll-free, write to Lead Counsel at the addresses set forth above; or visit **[___].com** or www.labaton.com.

***PLEASE DIRECT YOUR QUESTIONS TO THE CLAIMS
ADMINISTRATOR OR TO LEAD COUNSEL.  DO NOT
CONTACT THE COURT, TAKE-TWO OR DEFENDANTS' COUNSEL WITH QUESTIONS.***

DATED: **[_]**,  2009                              BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                                    SOUTHERN DISTRICT OF NEW YORK

**Questions?  CALL [___] TOLL FREE,  OR VISIT www.[___].com**
**DO NOT CONTACT THE COURT OR TAKE-TWO – THEY CANNOT ANSWER YOUR QUESTIONS**

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF TAKE-TWO INTERACTIVE SOFTWARE, INC. ("TAKE-TWO") DURING THE PERIOD FROM DECEMBER 17, 2002 THROUGH JULY 10, 2006 (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT (THE "CLASS FUNDS") DESCRIBED IN THE ACCOMPANYING NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING AND NOTICE OF AVAILABILITY OF FUNDS RECOVERED BY THE SECURITIES AND EXCHANGE COMMISSION (THE "NOTICE").

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF TAKE-TWO DURING THE PERIOD FROM FEBRUARY 6, 1998 THROUGH JULY 10, 2006 (THE "SEC CLAIMS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "QUALIFIED SEC CLAIMANT" AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS (THE "SEC FUNDS") RECOVERED BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION ("SEC") DESCRIBED IN THE NOTICE.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE, SIGN, AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR A DISTRIBUTION FROM THE CLASS FUNDS.  AS FURTHER DESCRIBED IN THE NOTICE, YOU MAY FILE A REQUEST FOR EXCLUSION TO BE EXCLUDED FROM THE CLASS.  REQUESTING EXCLUSION FROM THE CLASS DOES NOT LIMIT YOUR ELIGIBILITY FOR A DISTRIBUTION FROM THE SEC FUNDS, AND YOU MUST SUBMIT THIS CLAIM FORM TO OBTAIN BENEFITS FROM THE SEC FUNDS.  IF YOU PROPERLY AND TIMELY REQUEST EXCLUSION FROM THE CLASS, THE RELEASE PRINTED BELOW WILL NOT APPLY TO YOU.  IF SUBMITTED BY FIRST-CLASS MAIL, THIS CLAIM FORM MUST BE POSTMARKED **NO LATER THAN** _____, ADDRESSED TO THE CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

**Take-Two Interactive Software, Inc. Securities Litigation**
**Claims Administrator c/o _____**
_____
_____

IF YOU CHOOSE TO RETURN THIS CLAIM FORM BY EXPRESS MAIL, THEN IT MUST BE **RECEIVED** BY THE CLAIMS ADMINISTRATOR **NO LATER THAN** _____.

**REQUIREMENTS FOR FILING A CLAIM FORM**

- 1 -

**Please refer to the accompanying Notice to find the definitions of words that are capitalized in the following directions and on the Claim Form, but are not defined in this document.**

Your claim will be considered only upon compliance with all of the following conditions:

1.   You must accurately complete all portions of the attached Claim Form.

Use the section of the form entitled "CLAIMANT IDENTIFICATION" to identify each beneficial owner and owner of record or nominee (if different from the beneficial owner) of the Take-Two common stock that forms the basis of this claim.  THE ACTUAL BENEFICIAL OWNER OR THE LEGAL REPRESENTATIVE OF SUCH OWNER OF THE TAKE-TWO COMMON STOCK UPON WHICH THIS CLAIM IS BASED MUST SUBMIT THIS CLAIM FORM.  Legal representatives MUST include proof of authority to sign on behalf of the beneficial owner in accordance with Number 2 below.

The Claim Form contains purchase/acquisition and sale schedules.  You must carefully complete each applicable section of the schedules.  List each transaction during the period from February 6, 1998 through July 10, 2006, separately and in chronological order, by trade date (as distinguished from the "settlement" date), beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

Do not omit any requested information regarding your holdings, purchases, or sales (including any free receipts and/or free deliveries).  This information is necessary to determine your share of any distribution.  If you cannot list all transactions in the space provided in the Claim Form, or if you believe that you must, or should, supply additional information with respect to any transaction, attach additional sheets to the Claim Form supplying the required information.  Your full name and taxpayer identification number must be properly stated on each additional sheet of paper.

2. You must sign the Claim Form.

If the shares of Take-Two common stock were, or are, owned jointly, all joint owners must sign the Claim Form.  Executors, administrators, guardians, conservators, and trustees may complete and sign the Claim Form on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (for example, currently effective letters testamentary, letters of administration, active financial power of attorney, or certification of trust) to complete and execute the Claim Form on their behalf and to bind them in accordance with the terms thereof.  A Claim Form submitted by legal representatives of a claimant must be executed by all such representatives.

3.   You must provide proof for each transaction listed on this Claim Form.

Attach to the Claim Form legible copies of broker confirmation slips, monthly brokerage

statements, or other proof satisfactory to the Claims Administrator, confirming the particulars of each purchase and sale you have made during the period from February 6, 1998, through July 10, 2006.  Please make sure that all supporting documentation states the beneficial owner's account name.  If you are filing on behalf of a deceased claimant, please provide a copy of the death certificate and a will or probate documents.

4.   If you acquired Take-Two common stock by means of a gift, inheritance, or operation of law during the Class Period or SEC Claims Period, such acquisitions do not qualify as the purchase of such shares on the date of such acquisition.  If, however, such stock was purchased during the Class Period or SEC Claims Period by the donor, decedent, or transferor, then as long as the original purchaser **does not** submit a Claim Form with respect to the shares, the recipient's Recognized Losses will be computed by using the price of such stock on the original date of purchase.

5.   Any person or entity that sold Take-Two common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period or SEC Claims Period to cover such short sale.

6.   You must also provide supporting documentation showing your holdings as of the close of trading on July 10, 2006, if any.

7.   Your failure to complete and mail the Claim Form postmarked, or submit it so that it is received, by _____, may preclude you from receiving any share of the Class Funds or SEC Funds.  So that you will have a record of the date of your mailing and its receipt by the Claims Administrator, you are advised to use Certified Mail, Return Receipt, requested.

8.   For individuals and entities with a United States taxpayer identification number (TIN), which is the Social Security number (SSN) for individuals or the employer identification number (EIN) for entities, the TIN and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

9.  If you would like to use an alternate address for any distribution you might be eligible for, please place a check mark next to "Check Here to Use Alternate Address for Distribution" on Page ___. If not checked you need not fill out the Distribution Address portion of the Claim Form.  You can also request a direct deposit of any distribution by filling out the applicable section below.

FAILURE TO REPORT ALL TRANSACTIONS DURING THE REQUESTED PERIODS MAY RESULT IN THE REJECTION OF YOUR CLAIM. ANY PERSON WHO KNOWINGLY SUBMITS A FALSE CLAIM FORM IS SUBJECT TO PENALTIES FOR PERJURY AND OTHER VIOLATIONS OF FEDERAL LAW.

Submission of a Claim Form, however, does not ensure that you will share in the distribution of the Class Funds or SEC Funds.

If the proposed settlement described in the Notice is approved by the Court, and if you have a Recognized Loss entitling you to a *pro rata* payment from the Class Funds and/or SEC Funds, as calculated in accordance with the Plan of Allocation described in the Notice, a check will be sent to you, or to your financial institution by direct deposit if you elect, representing such *pro rata* payment as soon as practicable after all Claim Forms from all Class Members and Qualified SEC Claimants have been processed.  Processing all of the Claim Forms will likely take a significant amount of time.  Please be patient, and please advise the Claims Administrator of any changes in your name and/or address.

**If you are a Class Member and you do not complete, sign, and return the Claim Form postmarked or received by the deadline, you will not receive any money from the Class Funds, but you will still be bound by all orders of the Court in the Class Action, including the Release reprinted in the Claim Form, unless you properly and timely submit a Request for Exclusion from the Class as set forth in the Notice.**

*In re Take-Two Interactive Securities Litigation*, No. 06-cv-00803-RJS
*SEC v. Brant*, No. 1:07-cv-01075-DLC (S.D.N.Y.)
**PROOF OF CLAIM AND RELEASE**

Must be Postmarked No Later Than: _____
Please Type or Print

## <u>CLAIMANT IDENTIFICATION</u>

LAST NAME (CLAIMANT)          FIRST NAME (CLAIMANT)
_____     _____
Last Name (Beneficial Owner If Different From Claimant)

_____
First Name (Beneficial Owner)

_____
Last Name (Co-Beneficial Owner)

_____
First Name (Co-Beneficial Owner)

_____
Company/Other Entity (If Claimant Is Not an Individual)

_____
Trustee/Nominee/Other

_____
Account Number (If Claimant Is Not an Individual)

_____
Trust/Other Date (If Applicable)

_____
Address Line 1

_____
Address Line 2 (If Applicable)

_____
City    State   Zip Code

_____
Foreign Province        Foreign Zip Code          Foreign Country

_____
□ Check Here to Use Alternate Address for Distribution
(Optional) Distribution Address:

_____
Distribution Address Line 1

_____
Distribution Address Line 2 (If Applicable)

_____
City   State    Zip Code

_____
 Foreign Province        Foreign Zip Code     Foreign Country

_____
 Telephone Number (Day)          Telephone Number (Night)

- 5 -

_____
Beneficial Owner's Employer Identification Number or Social Security Number

_____
E-Mail Address

_____
IDENTITY OF CLAIMANT
□ Individual □ Joint Owners  □ Estate □ Corporation  □ Trust  □ Partnership □ Limited Liability Company □ Legal Representative □ IRA, Keogh, or Other Type of Individual Retirement Plan (indicate type of plan, mailing address, and name of current custodian) □ Other (specify, describe on separate sheet)

_____

**LEGAL REPRESENTATIVES OF CLAIMANTS MUST ATTACH POWER OF ATTORNEY OR OTHER INSTRUMENT SHOWING AUTHORITY TO ACT AS A LEGAL REPRESENTATIVE.**

Individuals or entities excluded from receiving a distribution from the Class Funds and the SEC Funds are: any parents, subsidiaries, affiliates, officers, or directors of Take-Two and their immediate families; any entity in which any excluded person has a controlling interest; and the legal representatives, heirs, successors, and assigns of any excluded person.  In addition, any individuals or entities who exclude themselves from the Class in accordance with the Notice shall be excluded from receiving a distribution from the Class Funds.  Exclusion from the Class by filing a Request for Exclusion shall not affect an individual or entity's eligibility for a distribution from the SEC Funds.

□ Check here if the claimant or beneficial owner has requested exclusion from the Class.
□ Check here if the claimant or beneficial owner was an officer or director of Take-Two at any time during the SEC Claims Period.  If so, please state position(s) held and dates of employment: _____.
□ Check here if the claimant or beneficial owner acquired Take-Two common stock through any Take-Two employee benefit plan.

**SCHEDULE OF PURCHASES AND SALES OF TAKE-TWO COMMON STOCK**

Separately list each of your purchases and sales of Take-Two common stock.  Attach a separate schedule if more space is needed.  Be sure to include the full name and TIN of the beneficial owner on any additional sheets.

For purposes of this schedule, you should list all transactions (including any free receipts and/or free deliveries) during the period from February 6, 1998 through July 10, 2006.

The date of purchase and sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.  Documentation of purchases or sales with only the "settlement" or "payment" date will be deemed deficient.  The purchase price is the price paid without regard to commissions or other expenses.  The sale price is the price received without regard to commissions or other expenses.

**BEGINNING HOLDINGS OF TAKE-TWO COMMON STOCK:**

Please state the number of shares of Take-Two common stock that you owned as of the close of all trading on February 5, 1998 and on December 16, 2002.

_____

Proof enclosed?   □ Y □ N IF NONE, CHECK HERE □

**PURCHASES/ACQUISITIONS:**

List all purchases and acquisitions of Take-Two common stock during the period from February 6, 1998, through July 10, 2006. List shares received through the 3-for-2 stock split, effective 4/12/05 separately, and do not split-adjust original purchases.   IF NONE, CHECK HERE □

| Trade date(s) of purchase List chronologically | | | Number of shares Purchased or acquired | Purchase price per share (excluding taxes, commissions, etc.) | Proof of purchase enclosed |
|---|---|---|---|---|---|
| MM | DD | YYYY | | | |
| | | | | | |
| | | | | | |
| | | | | | |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  PRINT THE FULL NAME AND TIN OF THE BENEFICIAL OWNER ON EACH ADDITIONAL PAGE.

**SALES/OTHER DISPOSITIONS:**

List all sales and other dispositions of Take-Two common stock during the period from February 6, 1998, through July 10, 2006. IF NONE, CHECK HERE □

| Trade date(s) of sale List chronologically | | | Number of shares sold or otherwise disposed of | Sale price per share (excluding taxes, commissions, etc.) | Proof of Sale enclosed |
|---|---|---|---|---|---|
| MM | DD | YYYY | | | |
| | | | | | |
| | | | | | |
| | | | | | |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  PRINT THE FULL NAME AND TIN OF THE BENEFICIAL OWNER ON EACH ADDITIONAL PAGE.

**UNSOLD HOLDINGS:**

Please state the number of shares of Take-Two common stock that you held as of the close of trading on July 10, 2006.

_____

Proof enclosed?   □ Y □ N IF NONE, CHECK HERE □

YOU MUST PROVIDE SUPPORTING DOCUMENTATION OF ALL HOLDINGS
AND TRANSACTIONS IN TAKE-TWO COMMON STOCK INDICATED ABOVE

DIRECT DEPOSIT—If You Prefer Your Distribution(s) To Be Directly Deposited Into
Your Bank Account, Check Here □
You MUST provide the following information to receive your Settlement check by direct
deposit:
Bank Name
_____
Routing Number
_____
Account Number
_____
□ Checking Account  □ Savings Account
Claimant's Account Name Matches Submitted Documentation (Must Match) □ Y □ N

## CERTIFICATION AND SUBSTITUTE FORM W-9 AND W-8

1.  I (We) purchased publicly traded common stock of Take-Two during the period from
February 6, 1998 through July 10, 2006.  (Do not submit this Claim Form if you did not
purchase Take-Two common stock during this period.)

2.  By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am
(we are) a Class Member (or Class Members) and/or a Qualified SEC Claimant or
Claimants as defined above, or am (are) legally authorized to act for such person; that I
am (we are) not a Defendant(s) in the Class Action or anyone excluded from the Class by
reason of a relationship specified above with a Defendant; that I (we) have read and
understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of
the Class Funds and/or SEC Funds; that I (we) elect to participate in the proposed
settlement described in the Notice and/or the distribution of the SEC Funds; and that if I
(we) previously submitted a request for exclusion from the Class, we have so indicated
on this Claim Form. (If you are acting in a representative capacity on behalf of a Class
Member or Qualified SEC Claimant [e.g., as an executor, administrator, trustee, or other
representative], you must submit evidence of your current authority to act on behalf of
that Class Member or Qualified SEC Claimant. Such evidence would include, for
example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (We) have set forth, where requested above, all relevant information with respect to
my (our) ownership of Take-Two common stock at the commencement of the SEC
Claims Period and the Class Period and all purchases and sales of Take-Two common
stock during the SEC Claims Period and the Class Period.  I (We) agree to furnish
additional information to the Claims Administrator to support this claim if requested to
do so.

4.   I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my (our) tax returns, or other documents evidencing each purchase, sale, or retention of Take-Two common stock listed above in support of my (our) claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

5.   I (We) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate and provide any such verification.

6.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may make a request to the Claims Administrator to accept, or may be requested by the Claims Administrator to submit, information regarding their transactions in Take-Two common stock in electronic files.  Claims with more than 50 transactions are required to be submitted in an electronic file.  All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your Claim Form electronically, you must contact the Claims Administrator at _____ or visit their Web site at _____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## RELEASE

Upon the occurrence of the Effective Date (the date on which the proposed settlement described in the Notice is approved by the Court and that approval becomes final), unless I (we) have timely and properly requested exclusion from the Class, my (our) signature(s) hereto will constitute a full and complete release, remise, and discharge by me (us) and my (our) heirs, executors, administrators, successors, and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, successors, and assigns) of all "Released Claims," including "Unknown Claims", against each and all of the "Released Parties," as each term is defined in the Notice.  If I (we) have timely and properly requested exclusion from the Class, then receipt of payment from the SEC Funds will not constitute a release of any claim against any party.

ALL CLAIMANTS MUST COMPLETE EITHER THE FORM W-9 OR W-8, AS APPLICABLE, PER THE INSTRUCTIONS BELOW AND SIGN THE CERTIFICATION BELOW.

SUBSTITUTE FORM W-9 FOR UNITED STATES CITIZEN, RESIDENT, OR ENTITY

Enter the TIN below for the beneficial owner(s). The Internal Revenue Service (IRS) requires such TIN. If you fail to provide this information, your claim may be rejected.
EIN: _____
OR  SSN: _____

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because (a) I am (we are) exempt from backup withholding or (b) I (we) have not been notified by the IRS that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If the IRS has notified you that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

NOTE: If you have a joint account, only the Social Security number associated with that account is required to be provided.  However, if your account is held jointly, BOTH parties must sign the form below.

SUBSTITUTE FORM W-8 FOR NON–UNITED STATES CITIZEN, RESIDENT, OR ENTITY

Certificate of foreign status of beneficial owner for United States tax withholding
Last Name     First Name
_____
Country
_____
Check Appropriate Box:
        □ Individual □ Corporation □ Partnership □ Simple trust
        □ Grantor trust □ Complex trust □ Estate □ Government
        □ Disregarded entity □ Private foundation □ Central bank of issue
        □ International organization   □ Tax-exempt organization

UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT:

1.  I am (We are) the beneficial owner(s) (or am [are] authorized to sign for the beneficial owner[s]) of all the income to which this form relates;

2.  The beneficial owner(s) is (are) not a United States person(s);

3.   Any income to which this Substitute Form W-8 ("W-8") relates is not effectively connected with the conduct of a trade or business in the United States or is effectively connected but is not subject to tax under an income tax treaty; and

4.   For broker transactions or barter exchanges, the beneficial owner(s) is (are) an exempt foreign person(s).

Furthermore, I (we) authorize this W-8 to be provided to any withholding agent that has control, receipt, or custody of any income of which I am (we are) the beneficial owner(s) or any withholding agent that can disburse or make payments of any income of which I am (we are) the beneficial owner(s).

The Internal Revenue Service does not require your consent to any provisions of this document other than the certifications required to establish your status as a non–United States person(s) and, if applicable, obtain a reduced rate of withholding. Enter United States taxpayer identification number (TIN) on appropriate line, if applicable.  For individuals, this is your Social Security number (SSN).  If you are not an individual or you are an individual who is an employer or who is engaged in a United States trade or business as a sole proprietor, you must enter an employer identification number (EIN).  If you are a disregarded entity claiming treaty benefits as a hybrid entity, enter your EIN.  If you are a non–United States citizen and have no SSN or EIN, please check "Not Applicable."

EIN: _____
OR  SSN: _____
☐        Not Applicable

## CERTIFICATION FOR ALL CLAIMANTS

UNDER THE PENALTIES OF PERJURY PURSUANT TO 28 U.S.C. § 1746, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE AND THAT THIS FORM WAS EXECUTED THIS _____ DAY OF _____ (MONTH, YEAR) IN _____(CITY, STATE, COUNTRY).

Signature of claimant        Print your name here
_____

Signature of joint claimant, if any        Print your name here
_____

Capacity of person(s) signing (e.g., beneficial owner, purchaser, executor, administrator, trustee, etc.)
_____

## REMINDER CHECKLIST

1.        Please sign the Certification section of the Claim Form on Page 7.

2.      If this claim is being made on behalf of joint claimants, both must sign.

3.      Please remember to attach supporting documents.  Do NOT use a highlighter on the Claim Form or any supporting documents.

4.      Do NOT send any stock certificates or original documentation.  Please send only copies.

5.      If you move or change your name after submitting this Claim Form, please notify the Claims Administrator of the change in your name and/or address.

6.      Keep a copy of your Claim Form and all documentation submitted for your records; originals cannot be returned to you once the documents are submitted.

7.       You will not receive confirmation that your Claim Form has been received unless you send it via Certified Mail, Return Receipt, requested or by some other means that provides you with proof of receipt.

725989 v6

EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IN RE TAKE-TWO INTERACTIVE SECURITIES                )
LITIGATION                                                                      )      No. 1:06-cv-00803-RJS
                                                                                         )
_____

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING

### —AND—

_____
SECURITIES AND EXCHANGE COMMISSION,                  )
                                    Plaintiff,                              )
                                    -against-                             )      No. 1:07-cv-01075-DLC
RYAN ASHLEY BRANT,                                                 )
                                    Defendant.                           )
_____

### SUMMARY NOTICE OF AVAILABILITY OF FUNDS RECOVERED BY THE SECURITIES AND EXCHANGE COMMISSION

**TO:**   ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF TAKE-TWO INTERACTIVE SOFTWARE, INC., ("TAKE-TWO") BETWEEN FEBRUARY 6, 1998 AND JULY 10, 2006, INCLUSIVE, AND WERE DAMAGED THEREBY.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A SETTLEMENT IN THE CLASS ACTION LAWSUIT REFERENCED ABOVE.

This Summary Notice of Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing and Summary Notice of Availability of Funds Recovered by the Securities and Exchange Commission ("SEC") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure, the authority vested in the SEC to distribute funds recovered by it through disgorgement and civil penalty, and Orders of the United States District Court for the Southern District of New York.  The purpose of this notice is to inform you of the proposed settlement that has been reached in the above-captioned class action lawsuit (the "Class Action") and of the availability for distribution of funds recovered by the SEC in the above-captioned SEC enforcement action (the "SEC Action").

The proposed settlement of the Class Action provides for the creation of a settlement fund in the amount of Twenty Million One Hundred and Fifteen Thousand Dollars ($20,115,000) (the "Class Fund"), plus interest, for the benefit of the Class (defined below).  A Fairness Hearing will be held before the Honorable Richard J. Sullivan, United States District Judge, on _____, 2010, at _.m. in Courtroom _____ of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine, among other things, (i) whether the proposed settlement is fair, reasonable and adequate and should be approved, and therefore, whether the

class action should be dismissed with prejudice; (ii) whether a proposed plan of allocation for the distribution of the settlement funds (after deduction of applicable costs, fees, and expenses) to authorized claimants is fair, reasonable, and adequate and therefore should be approved; and (iii) whether the application by the plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses they have incurred in connection with this litigation should be approved. The Court has expressly reserved the right to adjourn the Fairness Hearing from time to time without any further written notice to Class members.

You are a Class member if (1) you purchased or otherwise acquired Take-Two common stock during the period between December 17, 2002 and July 10, 2006, inclusive and were injured thereby, (2) you do not request exclusion from the Class in the manner provided in the Notice (defined below), and (3) you are not a Defendant in the Class Action or an affiliated person (as specified in the Notice). If you are a Class member, your rights against the Defendants and certain affiliated persons and entities will be affected if the proposed settlement is approved by the Court.

The SEC has recovered funds in the SEC Action from the Defendant through disgorgement, pre-judgment interest thereon, and civil penalties, and such funds (which totaled approximately $6.5 million as of October 26, 2009), together with interest subsequently earned thereon, are available for distribution to persons who purchased or otherwise acquired Take-Two common stock during the period from February 6, 1998 through July 10, 2006. If you purchased shares during this period and were injured thereby, you are a Qualified SEC Claimant.

If you are a Class member or Qualified SEC Claimant and wish to share in the funds available for distribution, you must submit a signed Proof of Claim form postmarked or received by _____, establishing that you are entitled to a recovery. IF YOU DO NOT TIMELY SUBMIT A SIGNED PROOF OF CLAIM FORM AND DO NOT REQUEST EXCLUSION FROM THE CLASS, YOU WILL NOT SHARE IN THE AVAILABLE FUNDS, BUT YOU WILL STILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT IN THE CLASS ACTION.

This notice provides only a summary of matters concerning the Class Action and SEC Action and the proposed settlement of the Class Action, and it incorporates by reference certain defined terms, the meanings of which are set forth in a detailed Notice of Proposed Settlement of Class Action, Application For Attorneys' Fees and Expenses and Fairness Hearing and Notice of Availability of Funds Recovered by the Securities and Exchange Commission (the "Notice") and Proof of Claim form that have been mailed to Class Members. The Notice and Proof of Claim form contain additional important information regarding the proposed settlement of the Class Action, the availability of the funds recovered in the SEC Action, and related matters affecting claimants' rights. If you have not received a copy of the Notice or the Proof of Claim form, you may obtain them free of charge by contacting: *In re Take-Two Interactive Securities Litigation*, Claims Administrator, c/o _____, _____, toll-free telephone _____, or by downloading them from www[__].com, www.labaton.com or www.[__].com.

You may also contact Lead Counsel for the Plaintiffs in the Class Action directly: Jonathan M. Plasse, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, telephone _____, and you may the Claims Administrator as stated above.

**EMPLOYEES OF THE COURT OR TAKE-TWO CANNOT ANSWER QUESTIONS ABOUT THIS CASE. PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR, LEAD COUNSEL FOR PLAINTIFFS IN THE CLASS ACTION, OR COUNSEL FOR THE SEC.**

Dated:  **[__]**, 2009                      BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | ) |  |
| --- | --- | --- |
| IN RE TAKE-TWO INTERACTIVE | ) | No. 1:06-cv-00803-RJS |
| SECURITIES LITIGATION | ) |  |
|  | ) |  |
|  | ) |  |

## <u>JUDGMENT AND ORDER OF DISMISSAL</u>

WHEREAS:

A.      The above-captioned consolidated securities class action (the "Action") was

originally commenced on February 1, 2006, and by Order dated July 12, 2006, the District Court

consolidated the Action with all related class actions and appointed the New York City

Employees' Retirement System, the New York City Police Pension Fund, the New York City

Fire Department Pension Fund (collectively, "Lead Plaintiffs") as Lead Plaintiffs, and appointed

Labaton Sucharow LLP ("Lead  Counsel"), as Lead Counsel on behalf of Lead Plaintiffs;

B.      The Action asserts federal securities fraud claims against Take-Two Interactive

Software, Inc. ("Take-Two"), Rockstar Games, Inc., Ryan Brant, Paul Eibeler, Karl H. Winters,

Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Sam Houser and Terry Donovan (collectively,

"Defendants") on behalf of a class consisting of:

> All persons and entities that purchased or otherwise acquired the common
> stock of Take-Two from December 17, 2002 through July 10, 2006,
> inclusive (the "Class Period"), and were damaged thereby (the "Class").

> Excluded from the Class are: Defendants; members of the immediate
> families of any Individual Defendant; any parent, subsidiary, affiliate,
> partner, officer, or director of any Defendant who is not an individual; any
> entity in which any such excluded person has a controlling interest; and
> the heirs, successors, and assigns of any such excluded person or entity.

C.      On October 30, 2009, Lead Plaintiffs, together with State-Boston Retirement

System (collectively, "Plaintiffs"), acting on behalf of themselves and the proposed Class,

entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in

this Action, settling the Action on the terms provided therein.  Capitalized terms not defined in this Judgment and Order of Dismissal ("Judgment") have the respective meanings ascribed in the Stipulation.

       D.     Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice to the Class ("Preliminary Approval Order"), the Court scheduled a hearing for _____, 2010, at __:__ _.m. (the "Fairness Hearing") to, *inter alia*, (a) determine whether the proposed settlement of the Action, on the terms and conditions provided for in the Stipulation (the "Settlement") was fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment substantially in the form hereof should be entered herein.  The Court ordered that Plaintiffs' Counsel cause the Notice of Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing ("Notice") and a Proof of Claim and Release ("Proof of Claim") substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2 to be mailed by first-class mail, postage prepaid, to each Class Member at the address of each such person as set forth in the records of Take-Two or its transfer agent, or who otherwise could be identified through reasonable effort, and the Summary Notice of Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing ("Summary Notice") substantially in the form attached to the Preliminary Approval Order as Exhibit 3, to be published once in the national edition of the *Wall Street Journal*.

       E.     As shown by _____, filed with this Court on _____, the provisions of the Preliminary Approval Order as to notice were complied with.

F.      As shown by the _____, filed with this Court on _____, Defendants have complied with the notification requirements of 28 U.S.C. § 1715, with the last such notification being provided more than ninety days prior to the entry of this Judgment.

G.      On _____, Plaintiffs moved for final approval of the proposed Settlement as set forth in the Preliminary Approval Order.

H.      The Notice advised Class Members of the date, time, place and purpose of the Fairness Hearing. The Notice further advised that any objections to the proposed Settlement were required to be filed with the Court and served on counsel for the parties to the Action (the "Parties") on or before _____.

I.      This Court held the Fairness Hearing on _____, 2010  and has duly considered Plaintiffs' motion, the affidavits and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      The Court finds that the distribution of the Notice, the publication of the Summary Notice and the method of providing notice, all implemented in accordance with the terms of the Stipulation and this Court's Preliminary Approval Order:

(a)      constituted the best practicable notice to Class Members under the relevant circumstances;

(b)      were reasonably calculated, under the circumstances, to apprise Class Members of:  (i) the proposed Settlement of the Action; (ii) their right to request exclusion from the Class; (iii) their right to object to any aspect of the proposed

Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or

through counsel hired at their own expense, if they are not excluded from the Class; and

(v) the binding effect of the proceedings, rulings, orders, and judgments in this Action,

whether favorable or unfavorable, on all persons who are not excluded from the Class;

       (c)     were reasonable and constituted due, adequate and sufficient notice to all

persons entitled to be provided with notice; and

       (d)     fully satisfied all applicable requirements of the Federal Rules of Civil

Procedure (including Rule 23(c)), the United States Constitution (including the Due

Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.

§ 78u-4(a)(7), and any other applicable law.

     2.     This Court has jurisdiction over the subject matter of the Action and over all of

the Parties, including all members of the Class.

     3.     The Court finds that the terms and provisions of the Stipulation were negotiated

by the Parties at arm's length and were entered into by the Parties in good faith.

     4.     The Stipulation and the Settlement are hereby fully and finally approved as fair,

reasonable, adequate as to and in the best interests of each of the Parties and the Class Members

and should be approved, taking into account, *inter alia*, the benefits to the Class therefrom, the

complexity, expense and possible duration of further litigation against Defendants, the risks of

establishing liability and damages, and the costs of continued litigation.

     5.     Lead Counsel and Plaintiffs adequately represented the Class under Rules

23(a)(4) and (g) of the Federal Rules of Civil Procedure for purposes of negotiating, entering into

and implementing the Settlement.

6.      This Judgment is binding on all members of the Class, but not on those Persons identified in Exhibit A hereto, who have duly requested exclusion from the Class.

7.      The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Consolidated Third Amended Class Action Complaint dated September 12, 2008, and this Action (including any prior Complaints or Amended Complaints filed therein), are hereby dismissed in their entirety as to Defendants, with prejudice, and without costs to any party, except as provided in the Stipulation or this Judgment.

9.      Upon the Effective Date, each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, on behalf of itself and its respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released, forever discharged and dismissed any or all Released Claims against any or all of the Released Parties, and shall be permanently and finally barred and enjoined from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, representatively, derivatively or in any other capacity against any of the Released Parties.

10.     Upon the Effective Date, each of the Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released and forever discharged each and every of the Released Defendants' Claims, and shall forever be enjoined from instituting, maintaining or prosecuting any or all of the Released Defendants' Claims.

11. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth herein and in the Stipulation.

12. This Judgment, whether or not consummated, and any proceedings taken pursuant to it:

(a) do not constitute, and shall not be offered or received against the Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) do not constitute, and shall not be offered or received against the Defendants as evidence of, a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs or any other members of the Class as evidence of any infirmity in the claims of Plaintiffs or the other members of the Class;

(c) do not constitute, and shall not be offered or received against the Defendants or against the Plaintiffs or any other members of the Class, as evidence of, a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided,

6

<u>however</u>, that Defendants may refer to it to effectuate the liability protection granted them under any applicable insurance policies; and

> (d)     do not constitute, and shall not be construed against Defendants, Plaintiffs or any other members of the Class as, an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

13.     Upon payment of the Settlement Amount by Take-Two to the Escrow Account, such funds shall be deemed and considered to be in <u>custodia legis</u> of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

14.     Defendants may file this Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies.  Any Party may file this Judgment and/or the Stipulation in any action that may be brought to enforce the terms of this Judgment and/or the Stipulation.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Judgment and the Stipulation.

15.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.     In the event that the Stipulation is terminated in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with

the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall be returned to their litigation positions as of August 28, 2009 (prior to entry into the Memorandum of Understanding memorializing the Parties' agreement in principle to enter into the Settlement, which the Parties agree constituted their earliest binding agreement to settle or compromise the Action).

17.     Any Court Order regarding the Plan of Allocation or the Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Amount, including interest earned thereon; (b) disposition of the Net Settlement Amount, including all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Amount; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties for the purpose of construing, enforcing and administering the Stipulation, the Settlement, this Judgment, and for any other necessary purpose.

Dated: New York, New York
_____, 2010

                                        _____
                                        Honorable Richard J. Sullivan
                                        United States District Judge

EXHIBIT C

## CORPORATE GOVERNANCE MATTERS

1. <u>Recovery of Improperly-Awarded Incentive Compensation</u>

Take-Two shall adopt a policy, which shall be implemented through the insertion of appropriate contractual provisions in agreements with applicable employees, providing as follows:

> The Board may require reimbursement of any bonus or incentive compensation awarded to an Executive and/or effect the cancellation of unvested restricted stock or outstanding stock option awards previously granted to an Executive, in each case, on or after the adoption of this policy, but in no event more than four years after the award of such compensation, where: (1) the payment was predicated upon achieving certain financial results that were subsequently determined to have been erroneously reported; (2) the Board determines that the Executive engaged in knowing or intentional fraudulent or illegal conduct that caused or substantially caused such erroneous reporting to have occurred; and (3) a lower payment would have been made to the Executive based upon the corrected financial results. In each such instance, the Board may, to the extent practicable under applicable law, seek to recover from such Executive any bonus or incentive compensation awarded to such Executive on or after the adoption of this policy that was subsequently reduced due to the correction of erroneous reporting and/or effect the cancellation of outstanding restricted stock or stock option awards previously granted to such Executive on or after the date of the adoption of this policy in the amount by which such Executive's bonus or incentive payments for the relevant period exceeded the lower payment that would have been made based on the corrected financial results.

> The Board shall render a determination pursuant to this policy in each instance where both an erroneous report of financial results has affected the size of a bonus or incentive compensation awarded to an Executive, and where the Board is aware of credible evidence that the Executive may have engaged in such fraudulent or illegal conduct. In determining whether to recover a payment, the Board shall take into account such considerations as it deems appropriate, including, without limitation, whether the assertion of a claim against the Executive could violate applicable law or prejudice the Corporation's overall interests and whether other penalties or punishments are being imposed on the Executive, including by third parties, such as law enforcement agencies, regulators or other authorities. The Board shall have sole discretion in determining whether an Executive's conduct has or has not met any particular standard of conduct under law or Corporation policy. Any recovery under this policy may be in addition to any other remedies that may be available to the Corporation under applicable law, including disciplinary actions up to and including termination of employment.

For purposes of this policy, the term "Executive" means an "executive officer" as defined in Rule 3b-7 of the Securities Exchange Act of 1934. The right of the Board to assert a recovery claim under this policy shall not survive the occurrence of a change in control of the Corporation as defined in the relevant incentive compensation plan. This policy shall apply in addition to any right of recovery against the Chief Executive Officer and the Chief Financial Officer under Section 304 of the Sarbanes-Oxley Act of 2002. The Board may delegate one or more of the duties or powers described in this policy to one or more committees of the Board consisting of solely independent directors.

2. Stockholder Vote on Takeover Defenses

Take-Two shall adopt a policy requiring that the Board of Directors submit any arrangement providing for dilution of ownership of a person seeking control of the Corporation (commonly identified as a "stockholder rights plan" or "poison pill") that is greater than 12 months in duration to a vote of stockholders at the first annual meeting of stockholders to be held 90 days or more after the effective date thereof, *provided, however,* that if such an arrangement has been terminated as of the date of such meeting, no vote shall be held.

3. Advance Notice of Matters to Be Presented for Stockholder Vote

Take-Two shall adopt a bylaw providing that no business may be properly brought before an annual meeting of stockholders by a person other than a stockholder unless such matter has been included in the proxy solicitation materials issued by the Corporation, excepting procedural matters concerning the conduct of such annual meeting.