UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TAKE-TWO INTERACTIVE SECURITIES LITIGATION | ) ) No. 1:06-cv-00803-RJS ) ) ) ) |

**COMMENTS OF UNNAMED CLASS MEMBER PAMELA NEWMARK REED DEFINED BENEFIT TRUST IN SUPPORT OF CLASS ACTION SETTLEMENT, SETTLEMENT AGREEMENT, AND ATTORNEY FEES**

COMES NOW, PAMELA NEWMARK REED DEFINED BENEFIT PL & TR DTD 11/30/02 Class Member to this action ("Reed Trust"), by and through its undersigned counsel, and hereby files these Statements in Support of the Proposed Class Action Settlement.

Class Member PAMELA NEWMARK REED DEFINED BENEFIT PL & TR DTD 11/30/02, represents to the court that it is a Class Member, qualified to make a claim for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLMENT. Reed Trust's address is P.O. Box 1845, La Jolla, CA 92038, but all mail should be sent to its attorney's address below. Attached as Exhibit A is a copy of the address portion of the notice sent to Reed Trust.

**I.**

**THE SETTLEMENT IS FAIR UNDER**

**FEDERAL RULE OF CIVIL PROCEDURE SECTION 23(e)**

Reed Trust examined Plaintiffs' Memorandum in Support of Settlement and Attorneys' Fees, Notice of Settlement, and Affidavit of Plasse, together with other relevant documents on file in this action. Upon review, these documents and agreements satisfy Federal Rule of Civil Procedure section 23(e)'s requirements of fairness to the class. On balance, the factors in *Grinnell* factors mentioned in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.* (2d Cir. 2005) 396 F.3d 96, are fulfilled. Reed Trust lends its support to the nearly $26

1

million settlement achieved by Lead Counsel, who is requesting less than 10% of the common fund for its compensation.

The first factor regarding complexity, expense, and duration of the litigation weighs in favor of approval. There are multiple issues regarding backdating of options, and illicit insertion of sexual content into games which involve the ethereal questions of scienter and causation, admittedly difficult to prove in most situations. The three and a half year duration of the litigation, including review of nearly one and a half million documents, together with some claims which were dismissed after dispositive motions, also suggests that settlement, if fair to the class, is preferable to further protracted litigation against at least seven high-powered firms.

The reaction of the class, after court-approved notice, has elicited <u>no</u> opt-outs, and one pro per objection, whose weight is dubious considering the vexatious status of the author. This factor militates toward approval.

The stage of the proceedings and discovery completed are impressive; three and a half years, one and half million documents examined. The parties know where they stand and what they can prove. Experts have been engaged and rendered opinions. If the parties have reached this settlement after digesting the available facts, it is likely that full disclosure has occurred.

The risks of establishing liability are apparent in the inherent risks of proving state of mind in the fraud claim, and the difficulty in establishing the causation component regarding what funds may or may not have been lost due to the culpability of defendants.

The risks of maintaining the class action through trial are extinguished. Lead Counsel has expended three and a half years of attorney time and expense to date, in no small amount. Further time and expense, with a risk of loss at trial and a guaranteed payout to the class now, satisfies fairness objectives.

While defendants could withstand a greater judgment (who hasn't heard of Grand Theft Auto?), this factor is neutral in the consideration herein.

The range of reasonableness in light of best possible recovery is impressive. In addition to the $20 million common fund, Lead Counsel worked to obtain disgorged funds from the SEC in the amount of over $6 million to be paid to class members rather than to the U.S. Treasury. Further, none of the funds will revert to defendants. Further, the fund appears to provide an average recovery rate of nearly 13% to the class, which is significantly higher than the 3.5% average in similar cases.

Comparing the size of the settlement fund in light of the risks of litigation, Lead Counsel obtained a total of nearly $27 million for the benefit of the class (less their take of $2.2 million). The guaranteed fund now eliminates the uncertainty of withstanding summary judgment or trial, when history has proved that some of the claims may be disposed of as a matter of law.

Given this analysis, Reed Trust cannot find one factor which weighs against approval under the *Grinnell* factors, and suggests that the Court issue its final approval.

## II.

## **THE ATTORNEYS' FEES SOUGHT APPEAR REASONABLE**

Although Reed Trust has not seen or examined the billing records supporting the application for attorneys' fees, the amount sought, as stated in the application appears reasonable without the need for further examination by Reed Trust. The professed lodestar of $3.7 million is greater than the $2.2 million sought by Lead Counsel, which represents a negative multiplier; something quite uncommon in a case of this size and length. Rather than the lodestar approach, Lead Counsel is seeking a 12% return on only $18 million of the fund, although Counsel's efforts have resulted in almost $27 million. On numbers alone, the request appears reasonable.

Even more admirable is the attempt class counsel made to follow the FRCP 23(h) guidelines recently illuminated by the Ninth Circuit in *In re: Mercury Interactive Corp. Securities Litigation* (August 18, 2010, 08-17372) ___ Cal.App.4th ___ by filing their

application in advance of the objection deadline, providing the class time for review of and response to the application. [1]

For the reasons set forth herein, this unnamed Class Member supports Class Counsel's motion for fees, and motion for final approval.

Dated:   September 28, 2010                    By:   ___/s/ Forrest Turkish_____
                                                          Forrest Turkish

                                                   Forrest S. Turkish
                                                   Law Offices of Forrest S. Turkish
                                                   595 Broadway
                                                   Bayonne, NJ 07002
                                                   Phone: 201-339-8866
                                                   Fax: 201-339-8456
                                                   Email: fsturkish@aol.com

                                                   Darrell Palmer (CA 125147)
                                                   Law Offices of Darrell Palmer
                                                   603 N. Highway 101, Suite A
                                                   Solana Beach, CA 92075
                                                   Phone: (858) 792-5600
                                                   Fax: (858) 792-5655
                                                   Email: darrell.palmer@cox.net
                                                   Attorney for Unnamed Class Member
                                                   PAMELA NEWMARK REED DEFINED
                                                   BENEFIT PL & TR DTD 11/30/02

---

[1] Although in at least one other recent cases class counsel has suggested they are not obligated to follow Mercury outside the Ninth Circuit, they certainly are familiar with the guidelines because they are class counsel in *Mercury* and even have the case described on their website at http://www.labaton.com/en/cases/In-re-Mercury-Interactive-Securities-Litigation.cfm

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 28, 2010, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York by using the USDC CM/ECF system. Service will be accomplished by the USDC CM/ECF system to the following:

**Lead Counsel for Plaintiffs:**

| | |
|---|---|
| Jonathan M. Plasse | Direct: 212-907-0863 |
| Labaton Sucharow LLP | Phone: 888-753-2796 |
| 140 Broadway | Fax: 212-818-0477 |
| New York, NY 10005 | Email: jplasse@labaton.com |

**Counsel for Take-Two and Certain Other Defs:**

| | |
|---|---|
| John B. Missing | Direct: 202-383-8070 |
| Debevoise & Plimpton, LLP | Phone: 202-383-8000 |
| 555 13th Street, NW, Ste. 1100E | Fax: 202-383-8118 |
| Washington, DC 20004 | Email: jmissing@debevoise.com |

                  ___/s/_ Forrest Turkish___

# EXHIBIT A

TAKE-TWO INTERACTIVE SECURITIES LITIGATION
CLAIMS ADMINISTRATOR
C/O A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8042

FIRST-CLASS MAIL
U.S. POSTAGE PAID
MILWAUKEE, WI
PERMIT NO. 3780

## COURT-APPROVED NOTICE REGARDING
*IN RE TAKE-TWO INTERACTIVE SECURITIES LITIGATION*
AND
*SEC V. BRANT*

PAMELA NEWMARK REED DEFINED
BENEFIT PL & TR DTD 11/30/02
PHILLIP & PAMELA REED TTEES
LOTSOFF SM CAP-CL
P O BOX 1845
LA JOLLA CA 92038-1845

**DATED MATERIAL—OPEN IMMEDIATELY**
TAKE-TWO_SF_42835N24

92038$1845 B007