USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TAKE-TWO INTERACTIVE
SECURITIES LITIGATION

No. 1:06-cv-00803-RJS

ECF Case

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on October 12, 2010, on the motion of Labaton Sucharow LLP ("Lead Counsel") for an award of attorneys' fees and reimbursement of expenses, and the Court, having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Capitalized terms not defined herein shall have the respective meanings ascribed in the Stipulation and Agreement of Settlement, dated October 30, 2009 (the "Stipulation").

2. Lead Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the Court, the Court may award attorneys' fees under either the "lodestar" or the "percentage of the fund" method. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

3. Lead Counsel has moved for an award of attorneys' fees of 11.05% of the gross Settlement Amount, or $2,221,800, plus interest at the same rate as that earned on the Settlement Amount (the "Requested Fee").

4. The Court has analyzed the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), and finds that:

   (a) Lead Counsel has conferred a substantial benefit on the Class.

(b) Lead Counsel has expended considerable time and labor over the course of the Action investigating, analyzing and prosecuting Plaintiffs' claims. This is evidenced by Plaintiffs' pleadings and the motion practice before the Court, the factual investigation and expert analyses reflected in Plaintiffs' submissions, and Lead Counsel's representations regarding the substantial factual investigation they undertook, their legal analysis of relevant issues, including issues that were not raised in connection with Defendants' motions to dismiss, their review of approximately 1.4 million pages produced by Defendants, and their preparation for and participation in lengthy settlement negotiations. Lead Counsel's representation has been vigorous, effective, and efficiently conducted, and appears to have been a significant contributing factor to a beneficial recovery for the Class, without the substantial expense, risk, and delay of continued litigation and trial.

(c) Lead Counsel litigated this matter on a wholly contingent basis and faced considerable risks of no recovery throughout the litigation, given, among other things, loss causation and damages defenses.

(d) Successful litigation of this Action required sophistication and raised unresolved and complex issues relating to, among other things, scienter where an alleged fraud involves claimed violations of applicable regulations that are themselves complex or ambiguous, and loss causation and damages where an alleged fraud involves non-cash accounting items and stock price reactions are associated with ancillary events such as government investigations.

(e) There have been no substantive objections to the Requested Fee that cast doubt on its reasonableness.

   (f) Lead Counsel are experienced and skilled practitioners in the securities litigation field, and have considerable expertise and capabilities in class action practice.

  5. Lead Counsel's total lodestar is $3,748,051. The Requested Fee therefore represents a lodestar multiplier of 0.59, representing a more than 40% discount to the value of the time Lead Counsel has devoted to this matter.

  6. The Requested Fee is consistent with, or below, awards made in similar cases. *See, e.g., In re Adelphia Commc'ns Corp. Sec. and Derivative Litig.*, No. 03 MDL 1529, 2006 WL 3378705, at *3 (S.D.N.Y. Nov.16, 2006) (awarding 21.4% of $455 million settlement); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007) (awarding 30% fee on $65 million settlement); *In re Philip Servs. Corp. Sec. Litig.*, No. 98 Civ. 835 (AKH), 2007 WL 959299, at *3 (S.D.N.Y. Mar. 28, 2007) (approving fee of $21 million, representing approximately 26% of a $79,750,000 recovery); *In re Lloyd's American Trust Fund Litig.*, No. 96 Civ.1262 (RWS), 2002 WL 31663577, at *26 (S.D.N.Y. Nov. 26, 2002) (awarding 28% of a roughly $20 million settlement fund for fees and expenses combined, observing that "[i]n this district alone, there are scores of common fund cases where fees alone (*i.e.*, where expenses are awarded in addition to the fee percentage) were awarded in the range of 33-1/3% of the settlement fund"), *aff'd sum nom. Adams v. Rose*, No. 03-7011, 2003 WL 21982207 (2d Cir. Aug. 20, 2003); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (awarding 33⅓% of settlement fund valued at more than $11.5 million).

  7. Accordingly, the Court finds the Requested Fee to be fair and reasonable, and hereby awards the Requested Fee.

  8. Lead Counsel has also requested reimbursement of out-of-pocket expenses in the amount of $369,733, plus interest at the same rate as that earned on the Settlement Amount. It is

well-established that expenses are properly recovered by counsel. *See, e.g., In re Marsh & McLennan Cos. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *20 (S.D.N.Y. Dec. 23, 2009). Having reviewed the expense information submitted by Lead Counsel, the Court hereby approves reimbursement of the full amount requested.

9. The fees and expense reimbursement authorized hereby shall be paid in two installments, as provided in paragraph 10(b) of the Stipulation: two-thirds (2/3) of such fees and expenses (together with interest thereon) shall be paid within ten (10) business days after entry of the Final Judgment and this Order, and the balance (together with interest thereon) shall be paid contemporaneously with issuance of payment of the Net Settlement Fund to Authorized Claimants.

10. The Court retains continuing and exclusive jurisdiction over the Settlement, the administration and distribution of the Settlement, and the fees and expense reimbursement authorized hereby.

Dated: New York, New York
       October 14, 2010

Honorable Richard J. Sullivan
United States District Judge