UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

)
IN RE TAKE-TWO INTERACTIVE  )
SECURITIES LITIGATION       )
                            )
                            )

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/10

No. 06-cv-0803-RJS   10/18/10

## JUDGMENT AND ORDER OF DISMISSAL

WHEREAS:

A.  The above-captioned consolidated securities class action (the "Action") was originally commenced on February 1, 2006, and by Order dated July 12, 2006, the District Court consolidated the Action with all related class actions and appointed the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund (collectively, "Lead Plaintiffs") as Lead Plaintiffs, and appointed Labaton Sucharow LLP ("Lead Counsel"), as Lead Counsel on behalf of Lead Plaintiffs;

B.  The Action asserts federal securities fraud claims against Take-Two Interactive Software, Inc. ("Take-Two"), Rockstar Games, Inc., Ryan Brant, Paul Eibeler, Karl H. Winters, Todd Emmel, Robert Flug, Oliver R. Grace, Jr., Sam Houser and Terry Donovan (collectively, "Defendants") on behalf of a class consisting of:

> All persons and entities that purchased or otherwise acquired the common stock of Take-Two from December 17, 2002 through July 10, 2006, inclusive (the "Class Period"), and were damaged thereby (the "Class").
>
> Excluded from the Class are: Defendants; members of the immediate families of any Individual Defendant; any parent, subsidiary, affiliate, partner, officer, or director of any Defendant who is not an individual; any entity in which any such excluded person has a controlling interest; and the heirs, successors, and assigns of any such excluded person or entity.

C.  On October 30, 2009, Lead Plaintiffs, together with State-Boston Retirement System (collectively, "Plaintiffs"), acting on behalf of themselves and the proposed Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with Defendants in

this Action, settling the Action on the terms provided therein. Capitalized terms not defined in this Judgment and Order of Dismissal ("Judgment") have the respective meanings ascribed in the Stipulation.

D.  Pursuant to an Order entered June 29, 2010 ("Preliminary Approval Order"), the Court scheduled a hearing for October 12, 2010, at 10:00 a.m. (the "Fairness Hearing") to, *inter alia*, (a) determine whether the proposed settlement of the Action, on the terms and conditions provided for in the Stipulation (the "Settlement") was fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment substantially in the form hereof should be entered herein. The Court ordered that Lead Counsel cause the Notice of Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing ("Notice") and a Proof of Claim and Release ("Proof of Claim") substantially in the forms attached to the Preliminary Approval Order as Exhibits B-1 and B-2 to be mailed by first-class mail, postage prepaid, to each Class Member at the address of each such person as set forth in the records of Take-Two or its transfer agent, or who otherwise could be identified through reasonable effort, and the Summary Notice of Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing ("Summary Notice") substantially in the form attached to the Preliminary Approval Order as Exhibit B-3, to be published once in the national edition of the *Wall Street Journal*.

E.  As shown by the Affidavit of Stacey Fishbein sworn to on September 14, 2010, filed with this Court on September 14, 2010, the provisions of the Preliminary Approval Order as to notice were complied with.

F.  As shown by the Declaration of John B. Missing dated and filed with this Court on October 5, 2010, Defendants have complied with the notification requirements of 28 U.S.C.

§ 1715, with the last such notification being provided more than ninety days prior to the entry of this Judgment.

G.  On September 14, 2010, Plaintiffs moved for final approval of the proposed Settlement as set forth in the Preliminary Approval Order.

H.  The Notice advised Class Members of the date, time, place and purpose of the Fairness Hearing. The Notice further advised that any objections to the proposed Settlement were required to be filed with the Court and served on counsel for the parties to the Action (the "Parties") on or before September 28, 2010.

I.  This Court held the Fairness Hearing on October 12, 2010 and has duly considered Plaintiffs' motion, the affidavits and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  The Court finds that the distribution of the Notice, the publication of the Summary Notice and the method of providing notice, all implemented in accordance with the terms of the Stipulation and this Court's Preliminary Approval Order:

   (a)  constituted the best practicable notice to Class Members under the relevant circumstances;

   (b)  were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of the Action; (ii) their right to request exclusion from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or

through counsel hired at their own expense, if they are not excluded from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

(c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and any other applicable law.

2. This Court has jurisdiction over the subject matter of the Action and over all of the Parties, including all members of the Class.

3. The Court finds that the terms and provisions of the Stipulation were negotiated by the Parties at arm's length and were entered into by the Parties in good faith.

4. The Stipulation and the Settlement are hereby fully and finally approved as fair, reasonable, adequate as to and in the best interests of each of the Parties and the Class Members and should be approved, taking into account, *inter alia*, the benefits to the Class therefrom, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation.

5. Lead Counsel and Plaintiffs adequately represented the Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purposes of negotiating, entering into and implementing the Settlement.

6. This Judgment is binding on all members of the Class, but not on those Persons identified in Exhibit A hereto, who have duly requested exclusion from the Class.

7. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Consolidated Third Amended Class Action Complaint dated September 12, 2008, and this Action (including any prior Complaints or Amended Complaints filed therein), are hereby dismissed in their entirety as to Defendants, with prejudice, and without costs to any party, except as provided in the Stipulation or this Judgment.

9. Upon the Effective Date, each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, on behalf of itself and its respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released, forever discharged and dismissed any or all Released Claims against any or all of the Released Parties, and shall be permanently and finally barred and enjoined from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, representatively, derivatively or in any other capacity against any of the Released Parties.

10. Upon the Effective Date, each of the Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall have fully, finally and forever waived, released and forever discharged each and every of the Released Defendants' Claims, and shall forever be enjoined from instituting, maintaining or prosecuting any or all of the Released Defendants' Claims.

11. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth herein and in the Stipulation.

12. This Judgment, whether or not consummated, and any proceedings taken pursuant to it:

(a) do not constitute, and shall not be offered or received against the Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) do not constitute, and shall not be offered or received against the Defendants as evidence of, a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs or any other members of the Class as evidence of any infirmity in the claims of Plaintiffs or the other members of the Class;

(c) do not constitute, and shall not be offered or received against the Defendants or against the Plaintiffs or any other members of the Class, as evidence of, a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to it to effectuate the liability protection granted them under any applicable insurance policies; and

(d) do not constitute, and shall not be construed against Defendants, Plaintiffs or any other members of the Class as, an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

13. The Settlement Amount is hereby deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further Order(s) of the Court.

14. Defendants may file this Judgment and/or the Stipulation in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies. Any Party may file this Judgment and/or the Stipulation in any action that may be brought to enforce the terms of this Judgment and/or the Stipulation. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Judgment and the Stipulation.

15. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Stipulation is terminated in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with

the Stipulation, and the Parties shall be returned to their litigation positions as of August 28, 2009 (prior to entry into the Memorandum of Understanding memorializing the Parties' agreement in principle to enter into the Settlement, which the Parties agree constituted their earliest binding agreement to settle or compromise the Action).

17. Any Court Order regarding the Plan of Allocation or the Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Amount, including interest earned thereon; (b) disposition of the Net Settlement Amount, including all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Amount; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties for the purpose of construing, enforcing and administering the Stipulation, the Settlement, this Judgment, and for any other necessary purpose.

Dated: New York, New York
       October 14, 2010

_____
Honorable Richard J. Sullivan
United States District Judge

## EXHIBIT A

## EXCLUDED CLASS MEMBERS

Eli Wilamowsky*
49 Sealy Drive
Lawrence, NY  11559

---

* There is a question as to whether Mr. Wilamowsky is a member of the Class, in light of his status as a short seller. There is no dispute, however, that Mr. Wilamowsky timely filed an otherwise-valid request for exclusion from the Class, and accordingly, that he is not affected by the Judgment, either as a non-Class member or as a Class member who duly requested exclusion. Accordingly, the Court has no occasion to presently adjudicate Mr. Wilamowsky's Class member status.